THE PEOPLE, Etc., Respondents, v. RICHARD GOUGH, Appellant.

1. INDICTMENT, DESCRIBING OFFENSE IN.—The common law strictness as to the description of the offense in an indictment, is not required under our practice; the general definition or description of the offense, as given in the statute is sufficient.

2. VERDICT IN LARCENY CASE.—In a trial for larceny, our "Criminal Procedure" Act does not require that the jury should find the value of the property stolen; the provision of the statute which defines the degrees of crimes does not apply in a larceny case.

3. VERDICT, FORM OF.—In a trial under an indictment for buying and receiving stolen property, the verdict was as follows: "We, the jury, find the defendant guilty, as charged in the indictment." *Held*, that the verdict was correct in form.

4. ERROR IN INSTRUCTIONS.—The defendant cannot be heard to complain of the giving of an instruction asked for by himself.

Appeal from the First Judicial District.

The facts are sufficiently stated in the opinion of the court. No briefs on file.

BOREMAN, Justice, delivered the opinion of the court:

The indictment, after the usual preliminaries, charges that the appellant " did unlawfully and feloniously buy and receive, for his own gain, and to prevent the owners from again possessing their property, sixteen pounds of gold ore of the value of one hundred and twenty-five dollars, of the goods and chattels and personal property of Samuel McIntyre, William McIntyre, James Cunningham, Moroni Edwards, Haskell V. Shirtliff, Jacob Weiler, Elijah M. Weiler, Herman Barrett, and Oliver Dise; he, the said Richard Gough, then and there well knowing the said property to have been feloniously stolen, taken and carried away, contrary," etc.

The defendant below was found guilty, and thereupon appealed to this court. The appeal is from the judgment alone,

so all claim upon the appeal from the order overruling the motion for new trial is expressly waived.

I. The appellant urges that the indictment is defective in not alleging the property to have been stolen. All of the facts or acts have been alleged in the indictment which were specified by the Legislature in defining the offense charged, and we think this was sufficient. The indictment fully informed the defendant as to the charge against him. The common law strictness is not required under our practice. Some offenses could only be described by giving circumstances, but this is not such a case, and is therefore governed by the general rule, the definition or description of the offense being given in the statute. *People* v. *Murphy*, 39 Cal. 56; *People* v. *Cronin*, 34 Cal. 201, 208; *People* v. *Parsons*, 6 Cal. 487; *The State* v. *Carr*, 6 Oregon, 133; *People* v. *Rodrignez*, 10 Cal. 51.

II. There is objection to the indictment, or rather verdict, because of the words " buy and receive," and the verdict is general. This was not error. (1 Bishop C. L., § 803, 3d edition.) If guilty of either the judgment is good.

III. The verdict is alleged to be defective in not fixing the amount or value of the property. The verdict says: " We, the jury in the above entitled cause, find the defendant, Richard Gough, guilty as charged in the indictment."

Our " Criminal Procedure " Act does not require, nor contemplate, that the jury should find the value of the property unless they find the party guilty of an offense not charged, but one of a less grade, but embraced in the higher. That provision of the statute which speaks of degrees does not apply in cases of this character. Here there can be grades of offenses, as grand larceny and petit larceny, but not degrees of the same offense. The 299th section of our " Criminal Procedure " Act, provides, that " a verdict upon a plea of not guilty is either ' Guilty ' or ' Not Guilty,' which imparts a conviction or acquittal of the offense charged in the indictment." Another section (301) of the same act, provides that " the jury may find the defendant guilty of any offense, the commission

of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense." This was their privilege in the case at bar, but they did not avail themselves of it, and the presumption is that the evidence would not warrant them in doing so. Instead thereof, they find the defendant "guilty, as charged in the indictment," and the charge was for buying and receiving stolen ore of a value to exceed fifty dollars. *Wilberne* v. *State*, 1 Morris' State Cases, 333.

IV. That portion of the charge of the court to the jury, which has reference to the testimony of accomplices, is objected to as error. The evidence has not been brought up, and we do not know upon what the instruction is based, but we are bound to assume that the evidence did not require the instruction to be in any stronger terms. All intendments must be in favor of sustaining the judgment of the court below. The instruction, as a naked proposition of law, might not be in consonance with the rules of law, but this court will not assume that there was substantial error unless the facts are before us. (*Nelson* v. *Lemon*, 10 Cal. 50.) But the appellant has no reason now to complain of this part of the charge, for it appears to have been given at the request of the appellant himself.

We do not see that there was any error in the court below. The judgment is therefore affirmed.

SCHAEFFER, C. J., and EMERSON, J., concurred.

SCHAEFFER, C. J., filed the following opinion of the court on motion for a rehearing:

The petition for a rehearing refers to and reiterates the two alleged errors, which were fully presented and duly considered on the hearing of this cause at the last term of this court. The first point relates to the indictment and charges that it is fatally defective in not stating that the property had been stolen. The indictment follows the statute under which it was found, and that, we think, is sufficient.

The People, etc., v. Richard Gough.

The second point is made on the verdict of the jury, which is charged to be defective because it does not find the value of the property received. The jury were instructed in substance that if they found the defendant guilty and also found the value of the property to be over fifty dollars, they should find the defendant guilty in manner and form as charged in the indictment; and if they found the value of the property stolen and received by the defendant was less than fifty dollars they should so state in their verdict. The jury found the defendant guilty as charged in the indictment. The jury accordingly found the value of the property to be over fifty dollars, and the exact value being immaterial the verdict is substantially good; and the motion for a rehearing is accordingly denied, and a mandate will issue to the district court as heretofore ordered, or in accordance with the opinion heretofore rendered by the Court, June 5, 1879.

EMERSON, J., and BOREMAN, J., concur.