No. 8525.

THE STATE *v.* HEBEL.

CRIMINAL LAW.— *Indictment.— Defalcation of Public Officer. — County Treasurer.—Failure to Pay over Money to Successor.*—An indictment against a county treasurer for an alleged defalcation, in failing to pay over certain moneys to his successor in office, under the statute in relation thereto, 2 R. S. 1876, p. 450, must charge that at the expiration of such officer's term there remained in his hands, either actually or constructively, a sum of money received by him by virtue of his office, which, upon proper demand, after his term had expired, he fraudulently failed or refused to account for and pay over to his successor in office.

SAME.—Such statute does not require any officer named therein to account to his successor until the expiration of his term.

SAME.—Upon a trial on such indictment, proof that such officer's term had expired is necessary to a conviction.

SAME.—In criminal pleading, whatever is required to be proved upon the trial, must be first charged in the indictment.

From the Cass Circuit Court.

*D. P. Baldwin*, Attorney General, *D. B. McConnell*, Prosecuting Attorney, and *W. W. Thornton*, for the State.
*F. Swigart* and *J. W. McGreevy*, for appellee.

NIBLACK, C. J.—This was a criminal prosecution against Jacob Hebel, late county treasurer of Cass County, for an alleged defalcation in failing to pay over certain moneys to his successor in office.

On the defendant's motion, the indictment was quashed, and he was discharged. The State has appealed and raises the question of the sufficiency of the indictment. The indictment contained two counts.

The first count was as follows: "The grand jurors of Cass county, in the State of Indiana, on their oath present that, on the 13th day of October, 1874, Jacob Hebel was duly elected, according to law, to the office of treasurer of the said county of Cass, and was thereafter duly qualified and entered upon the duties of said office, and in his official capacity received the sum of sixteen thousand eight hundred and thirty-four dollars and forty-five cents ($16,834.45), consisting of United States treasury notes, and national bank bills and notes, all of United States currency, of the value of sixteen thousand eight hundred and thirty-four dollars and forty-five cents, and of the personal property of the said county of Cass; that on the 10th day of October, 1876, William T. S. Manly was duly elected, according to law, as the successor in office of the said Jacob Hebel, to the office of treasurer of said county of Cass; that the said Manly was thereafter duly commissioned to hold and exercise said office, and was thereafter duly qualified for said office by taking the official oath and filing his official bond, with approved securities; that said Manly thereafter entered and took possession of his said office, and that he then and there, on or about the 1st day of October, 1877, at the said county of Cass, demanded of the said Jacob Hebel that he, the said Jacob Hebel, should pay over and deliver to him, the said William T. S. Manly, the said sixteen thousand eight hundred and thirty-four dollars and forty-five cents, then and there in the possession of the said Hebel, having been received by him in his official capacity as aforesaid, and that the said Jacob Hebel did then and there unlawfully, fraudulently and feloniously fail and refuse, and ever since has continued unlawfully, fraudulently and feloniously to

fail and refuse, to pay over and deliver to his said successor in office, the said William T. S. Manly, the said sixteen thousand eight hundred and thirty-four dollars and forty-five cents ($16,834.45), and did then and there, on or about the said 1st day of October, 1877, at the said county of Cass, unlawfully, feloniously and fraudulently take, purloin, carry away, secrete, appropriate and convert to his own use the said money, of the value of sixteen thousand eight hundred and thirty-four dollars and forty-five cents, , and as aforesaid, of the United States currency, and of the personal property of the said county of Cass.''

The second count was substantially the same as the first, except that it averred that the money which Hebel had received, and failed to pay over, as charged, was the property of the State of Indiana.

So much of the statute upon which this indictment was predicated, as relates to county treasurers, enacts ''That any sheriff, clerk of the circuit court, clerk of the court of common pleas, county treasurer, * * * * who shall fraudulently fail or refuse, at the expiration of the term for which he was elected or appointed, or at any time during such term, *when legally required by the proper person or authority to account for and pay over to such person or persons as may be lawfully entitled to receive the same, all moneys which may have come into his hands* by virtue of his said office, shall be deemed guilty of a felony, and upon conviction thereof upon indictment, shall be imprisoned in the state-prison, for any period not less than one year nor more than five years, and fined in any sum not exceeding one thousand dollars, and rendered incapable of holding any office of trust or profit.'' 2 R. S. 1876, p. 450.

Under this statute, and in a case like the one in hearing, the indictment, in addition to other averments, must, in some form, charge that, at the expiration of the officer's term, there remained in his hands, either actually or con-

structively, a sum of money which had been received by him by virtue of his office, and that, upon a proper demand, after his term had expired, he had fraudulently failed or refused to account for and pay over said sum of money to his successor in office.

Under the constitution and laws of this State, two persons can not have a valid claim to the same office at the same time, and, as a necessary consequence, one term must cease before another can begin in the same office.

Seemingly recognizing this principle, the statute, set out as above, does not require any officer named in it to account to his successor until the expiration of his term. This being the case, the indictment before us should have directly averred, in some way, that Hebel's term of office had expired when the money in his hands was demanded by Manly. Upon a trial, proof that Hebel's term had expired would have been necessary to a conviction, and it is an elementary principle in criminal pleading that what is required to be proven upon the trial must be first charged in the indictment.

But it is insisted that the averments, that Manly had been elected county treasurer of Cass county, in October, 1876, and that, after being commissioned and qualified, he entered and took possession of his office, and then and there demanded the money of Hebel, constituted the equivalent of an allegation that Hebel's term had expired, and that Manly's had begun when the demand was made. We are unable, however, to give those averments the construction insisted upon. For aught that was shown by those averments, Manly may have prematurely entered and taken possession of the office to which he had been elected, and in such an event, Hebel was justified in refusing to pay over the money in his hands to Manly. The indictment evidently contained nothing amounting either to an absolute or a constructive averment that Hebel's term was out when Manly demanded

the money of him, as charged. See forms in Moore's Crim.. Law, 730, sec. 678, and in Reinhard's Crim. Law, 91.

We are, therefore, of the opinion that the indictment in this case was fatally defective, and that the motion to quash it was correctly sustained.

As the judgment must, at all events, be affirmed, we need. not consider other objections urged to the indictment..

The judgment is affirmed.