# WILLIS *v.* HOOVER.

### WAGERS ON ELECTIONS VOID.

Wagers on the result of public elections are illegal and void upon grounds of public policy.

### ACTION LIES TO DISAFFIRM ILLEGAL CONTRACT.

There is a distinction between an action in affirmance of an illegal contract, and where the action proceeds in disaffirmance of such contract. In the first case, such an action can in no instance be maintained, but in the latter, the authorities are in favor of recovering back money paid, where the contract is void as against public policy, if such contract has not been executed, and the plaintiff seeks to disaffirm his contract.

### STAKEHOLDERS LIABLE FOR MONEY DEPOSITED.

When money has been deposited as a wager with the opposite party, it may be recovered back from him at any time before the event has happened upon which the wager was made; and against a stakeholder at any time before the money has been paid to the winner, either before or after the event has transpired, and even where the stakeholder paid the money over to the winner after notice not to do so.

### DEMAND—WHAT CONSTITUTES.

Where the court charged the jury, "as to what constitutes a demand, I instruct you that no formal words are necessary to constitute a demand, any words expressive of a prohibition to pay absolutely, or conditionally, are sufficient to revoke the authority of the stakeholder to pay it over:" *Held*, Not error.

Where the following instruction was asked: "That any demand for the whole bet of one hundred and twenty dollars by plaintiff on defendant is not proof of the demand in plaintiff's complaint," and the court refused to give the same: *Held*, Not error.

APPEAL from Douglas.   The facts are stated in the opinion.

*John Kelsay*, for appellant.

*W. R. Willis*, for respondent.

By the Court, LORD, C. J.:

This was an action to recover money deposited with the defendant by the plaintiff as a stakeholder, on a wager depending on the result of the presidential election in the state of Pennsylvania; and among other things it is alleged that the respondent, at various times thereafter, and particularly on the 6th day of November and on the 30th day of November, 1880, at Roseburg, demanded of the appellant the money so deposited, but that appellant refused to return the same to the respondent, and that no part of the same has been paid.   The complaint was demurred to on the ground that no cause of action was stated, and upon being overruled an answer was filed, in which the demand for the money so deposited was denied, except as follows: That no demand was made upon the appellant until about the 30th day of November, 1880, and at that time the said sum had been by the appellant, as stakeholder, paid over to F. P. Hogan, the other party in said wager mentioned in the complaint.

The reply denies that appellant paid to F. P. Hogan the sum of money mentioned in the complaint before the respondent demanded the return of the same, but avers that frequently, between the 6th day of November, 1880, and before the money was delivered to Hogan, he demanded the return of the same and notified the appellant not to deliver the same to the said Hogan.   Upon the issue thus joined the jury found for the respondent, and the court rendered judgment in his favor, from which this appeal is taken.   The first ground of error specified is the overruling of the demurrer.   It is conceded that the wager out of which the question under consideration arose is not a valid contract.   Wagers upon the result of public elections are held to be illegal and void

upon grounds of public policy. In *Vischer* v. *Yates*, 11 Johns. R. 21, Chief Justice Kent says: " When we consider the importance of popular elections to the constitution and liberties of this country, and that the value of the right depends upon the independence, moderation, discretion and purity with which it is exercised, we cannot but cherish a decision which declares gambling upon such elections to be illegal, as being founded in the clearest and most incontestable principles of public policy." There is, however, a distinction taken in the books between an action in affirmance of an illegal contract and where the action proceeds in disaffirmance of such contract. In the first instance such an action can in no case be maintained, but in the latter the authorities are in favor of recovering back money paid, where the contract is void as against public policy, if such contract has not been executed, and the plaintiff seeks to disaffirm the same. And it is claimed by counsel for the appellant that, to establish a cause of action against the stakeholder, it must be alleged in the complaint that the wager was repudiated, and a return of the money demanded, before the election took place, and not thereafter. His view of the law is that any time before the happening of the event upon which the wager was made, either party may disaffirm the wager and recover his money of the stakeholder, but that after the event has happened, as in the present case, and the party has lost his money, the contract of wager as to him is executed and he cannot recover it back of the stakeholder. If this position is tenable, it was error to overrule the demurrer, for in such a case it makes no difference that a demand is made or alleged, after the event has happened, but while the money still remains in·the hands of the stakeholder, no action can be maintained upon such a state of facts by the loser to recover it of the stakeholder. To sustain this view, two authorities are cited and relied upon, viz.: *Yates* v. *Foote*, 12 Johns, 1; and *Johnson* v. *Russell*, 37 Cal., 670. In the case of *Yates* v. *Foote*, it was held that after the event has happened, no action will lie by the

loser against the stakeholder, upon notice and demand, while the money remains in his hands. In *McKeon* v. *Cherty*, 3 Wend., 494, Chief Justice Savage stated in effect the law to have been thus settled by the case of *Yates* v. *Foote*. In *Johnson* v. *Russell*, 37 Cal., 670, the court approved the reasoning of Senator Sanford in *Yates* v. *Foote*, and declared that they saw no satisfactory reason for the distinction made by the English cases between actions directly between the parties to the wager and actions between the loser and the stakeholder; that the reason of the rule, as laid down in *Yates* v. *Foote*, was founded upon the better morality, and that after the money has been lost or won, and the result generally known, neither party ought to be heard in a court of justice.

The distinction which the English cases make is, that where the money has not been paid over by the stakeholder, although it has been lost by the happening of the event, upon notice and demand, the stakeholder is liable to the loser for the amount by him deposited. (*Colton* v. *Thurland*, 5 T. R., 405; *Lancassade* v. *White*, 7 T. R., 535.)

But when the money has been once paid over to the winner, unless where made recoverable by statute, the parties being clearly in *pari delicto*, no action can be maintained to recover it back. (*Howson* v. *Hancock*, 8 T. R., 575.)

In the first case, the contract is said to be executory, and the loser may disaffirm his wager and recover the money staked by him, but in the second case the contract is executed, and the parties being in *pari delicto*, the law will lend its aid to neither.

When, then, money is deposited as a wager with the opposite party, it may be recovered back from him at any time before the event has happened upon which the wager was made, and against a stakeholder at any time before the money has been paid to the winner, either before or after the event has transpired, and even when the stakeholder has paid the money over to the winner after notice not to do so, for the reason that in all such cases, the contract being void as against

public policy, and not executed, an action in disaffirmance of
it may be maintained. (*Hastilow* v. *Jackson*, 8 Barn. and
Cress., 221, and cases cited above.)

In *Vischer* v. *Yates*, supra, money was deposited in the
hands of the defendants by the plaintiff and others, on the
event of the election of governor of New York.   After the
result of the election had been ascertained, the defendant was
notified not to pay over the money to the winner, and he
refused to pay it over to those who made the deposit.   Upon
this state of facts Chief Justice Kent reviews the English
cases, and from them he declares the true rule to be, that an
action may be maintained against the stakeholder, upon notice
and demand, before he pays over the money, as well after as
before the happening of the event.   This was the doctrine of
the English cases approved and fully sustained upon principle,
by the individual opinion of the supreme court.   It is true
that this decision was reversed in the case of *Yates* v. *Foote*,
supra, by the court of errors of New York, but the decision
rendered in this last case is barren of any authority to sustain
it, and in *Wheeler* v. *Spencer*, 15 Conn., 31, the court say:
" And it is not, perhaps, unworthy of notice that the legis-
lature of New York soon after interfered and re-enacted the
common law as it was held to be by their supreme court.   (1
Rev. Stat. N. Y., 662.)   Subsequently it became the duty of
several of the different states of the union, in passing upon
this subject, to review the cases of *Vischer* v. *Yates*, supra,
and *Yates* v. *Foote*, supra, and the doctrine of the law as
deduced from the English cases, and approved by the unani-
mous opinion of the supreme court of the state of New York,
in *Vischer* v. *Yates*, was approved as sound and correct, as
more consonant with good morals, and better sustained upon
authority and principle than the case of *Yates* v. *Foote*,
reversing it in the court of errors.   (*McKee* v. *Maurice*, 11
Cush. R., 358; *Wheeler* v. *Spencer*, 15 Conn., 531; *Wood* v.
*Duncan*, 9 Porter, [Ala.] 231; *Perkins* v. *Hyde*, 6 Yerger,
[Tenn.] 293; *Stacy* v. *Foss*, 19 Maine, 336.)

Later, however, in *Johnson* v. *Russell*, supra, Mr. Justice Sanderson ably reinforced the argument of Senator Sanford, in *Yates* v. *Foote*, and declared the rule in that case to be founded in the better morality, that the distinction made as to actions between the parties and between the loser and stakeholder, is not satisfactory, and that persons who allow their stakes to remain until after the bet has been decided, and the result has become generally known, are entitled to no consideration, and that neither party ought to be heard in a court of justice. We acknowledge the force of reasoning and the weight of authority to be attached to this decision, but we are unable to give it our assent. The right of the loser to recover back the money of the stakeholder, before payment by him to the winner, although the event has happened, upon which the wager was made, or after, if the authority to pay him was revoked before payment, is too unquestionably settled by an imposing array of authorities in England and in this country to be disturbed.

The notions of honor discussed in connection with this subject are only fancied—they are not connected with a worthy transaction, but an illegal and immoral one, founded on a transgression of law, and in our judgment it best comports with public policy and good morals, and is more consonant with authority and principle to arrest the illegal transaction before it is consummated.

In *Perkins* v. *Hyde*, supra, the court say: " In an illegal transaction money may always be stopped while *in transitu* to pay the party entitled under such illegal transaction. Such is the situation of money in the hands of a stakeholder, and it is countermandable at any time before the payment is made."

We are unable, therefore, to concur in the view suggested by the learned counsel for the appellant, that the complaint, not showing that the money was demanded of the stakeholder before the election took place and the result became generally known, that no cause of action is stated. There was no error in overruling the demurrer.

This brings us to the consideration of the instructions given, refused, and excepted to. The court charged the jury as follows: "As to what constitutes a demand, I instruct you that no formal words are necessary to constitute a demand; any words expressive of a prohibition to pay absolutely or conditionally are sufficient to revoke the authority of the stockholder to pay it over." This is excepted to, and alleged as error in the bill of exceptions. In *Ivey* v. *Phifer*, 11 Ala., 535, it was held that no particular form of words is necessary to inform a stakeholder that a party depositing money in his hands as a wager, objects to its payment to the supposed winner, any words expressive of a prohibition to pay absolutely, or conditionally, are sufficient to revoke the authority of the stakeholder to pay under any circumstances, or until the condition is performed. There was no error in this charge.

The appellant asked the following instruction: "That any demand for the whole bet of one hundred and twenty dollars by plaintiff on defendant, is not proof of the demand in plaintiff's complaint," which being refused by the court, is assigned also as error. This identical question was raised in the case of *Perkins* v. *Hyde*, 6 Yerger, 294, and the court say: "The demand of the whole sum staked included a demand for the sum deposited by the plaintiff, and if he was not entitled to receive the whole, he was not the less entitled to his own deposit, because he demanded more than he had a lawful right to." The refusal of the court thus to instruct the jury was not error. The other matter in the charge to which exception was taken and another instruction refused, it is unnecessary to consider, for the reason that the view of the law as already expressed upon the sufficiency of the complaint disposes of these objections. The judgment of the court below is affirmed.

Judgment affirmed.