Filed March 23, 1888.

No. 14,282.

## THE STATE *v.* ADAMSON.

CRIMINAL LAW.—*Embezzlement.—Administrator.—Demand.*—The refusal of a defaulting administrator to pay to the sureties on his bond, upon a demand made by them, money which they have been compelled to pay in settlement of his defalcation, does not render him guilty of embezzlement under section 1952, R. S. 1881.

SAME.—*By Whom Demand Must be Made.*—To constitute embezzlement under such statute, the demand for an accounting, if made by an individual, must be made by or for one to whom money is due from the administrator as such, the statute having reference wholly to the administrator in his relation to those interested in the estate, and for whom he is acting in the capacity of trustee.

SAME.—*Flight and Concealment.*—The fact that the defaulting administrator absents and conceals himself, so that his successor in the trust can not make a demand upon him, does not enable his sureties to make the demand which will render him guilty of embezzlement.

From the Lawrence Circuit Court.

*S. B. Love,* Prosecuting Attorney, for the State.

ZOLLARS, J.—An affidavit and information was filed against

the appellee, based upon section 1952, R. S. 1881, which, so far as material here, is as follows : " Whoever, being the administrator of the estate of a decedent, or the executor of a last will, or guardian of any minor or insane person, or trustee or other person acting in any fiduciary capacity, without good cause, fails or refuses, when legally required by the proper person or authority, to account for or pay over to such person or persons as may be lawfully entitled to receive the same, any money, choses in action, or other property which may have come into his hands by virtue of his office, duty, or trust, shall be deemed guilty of embezzlement, and, upon conviction thereof, shall be imprisoned," etc.

It is charged in the affidavit and information that appellee was appointed administrator of the estate of James C. Skeen, and acted as such until the 7th day of October, 1885, at which time he resigned his trust, and Edward F. Allen was appointed his successor ; that during the time appellee was acting as such administrator, under a proper order of the court, he sold land belonging to the decedent for the purpose of getting money with which to pay debts against the estate ; that he received for said land the sum of nine hundred dollars ; that prior to, and in order to procure, the order of sale, he filed a bond in the sum of $2,500, conditioned as required by law, with Mosley S. Armstrong, upon whose affidavit the information is based, and Wallace Craig, as sureties, which bond was approved by the court; that appellee wholly failed to pay over to his successor, Allen, or to any other person, the money thus received, but on the 30th day of May, 1885, fled from the State, and did not return until June, 1886, in the meantime keeping himself so concealed that no process could be served upon him, and so that Allen, his successor, could not make a demand upon him for the money which he had thus received ; that, during his absence and concealment, Allen, as such administrator, collected from the sureties the full amount thus due from appellee ; that prior to the making and filing of the affidavit and information, Craig, one of the

sureties, made a demand upon appellee to pay over to the sureties the amount which they had thus paid to Allen, and that he unlawfully and fraudulently refused to pay over the same to the sureties, or to Allen, or to any other person lawfully entitled or authorized to receive the same, etc.

Embezzlement in this State is purely a statutory crime, and hence, in order that an indictment or information for that offence may be sufficient, facts must be charged which will bring the case within the terms of the statute.

Under the above statute, a simple failure on the part of an administrator to pay over money to the person or persons who may be entitled to it, does not render him guilty of embezzlement. In order that he may be thus guilty, the failure and refusal must be " when legally required by the proper person or authority." See *Wright* v. *People*, 61 Ill. 382. The requirement, too, must be to account for or pay over to " such person or persons as may be lawfully entitled to receive " the money, etc. And the money to be accounted for and paid over must be money belonging to the estate, and which the administrator, as such, holds in trust for the creditors or distributees of the estate. The " proper person," when the requirement to account for and pay over money, etc., is by an individual, evidently, is the person, or some one acting in his behalf, to whom the money is due from the administrator as administrator. In short, the statute has reference wholly to the administrator in his relation to those interested in the estate, and for whom he is thus acting in the capacity of trustee. And in addition to the bonds required by law of an administrator, the statute above was, doubtless, intended as an additional means of promoting promptness and honesty in the settlement of estates.

The sureties upon his bonds are interested that he shall act honestly, but they have no interest in the estate. As to them, he is not acting in the capacity of trustee. They are not entitled to receive from him any money or other property " which may have come into his hands by virtue of his office,

duty, or trust." They may, by a proper proceeding, be so released from the obligations of the bond as to escape liability on account of future omissions or misfeasance on the part of the administrator, but they can not, by any demand upon or requirement of him, render him guilty of embezzlement under the above statute. He owes the duty to them which any other principal owes to his sureties, and nothing more. His refusal to repay to them the amount which they have been compelled to pay in settlement of his defalcation is a moral and reprehensible wrong, but it is not a punishable crime under the statute.

In this case no demand upon or requirement of appellee has been made by the present administrator, nor by any other proper person or authority. The only demand made was a demand by one of the sureties to repay to them the amount which they were compelled to pay in settlement of the amount which he received upon the sale of the land. The fact that appellee was absent and secreted himself, so that the present administrator could not make a demand upon him, does not enable the sureties to make the demand which will render him guilty of embezzlement.

It may be that the statute ought to be so amended as to cover a case like this, but the courts must construe the statute as it comes from the Legislature. Under the statute and the facts stated in the affidavit and information, we feel constrained to hold that the affidavit and information were properly quashed.

Judgment affirmed.

Filed March 24, 1888; petition for a rehearing overruled March 29, 1888.