## SERRA *v.* THE STATE OF OHIO.

*Criminal law — Larceny — Jury to fix property value — Section 13691, General Code — Inapplicable to theft of automobile, when — Section 12448, General Code — New trial — Estoppel — Objections by defense to evidence of value.*

1. Section 13691, General Code, providing that upon conviction of one charged with an offense against property by larceny, etc., the jury shall declare in their verdict the value of such property, does not apply to prosecutions under Section 12448, General Code, which is a special statute making it an offense to steal particular kinds of property therein enumerated "of any value."

2. A defendant, in a criminal prosecution for stealing an automobile, who objects to evidence of the value of the automobile, offered by the state, and succeeds in keeping from the jury facts which would have enabled them to determine its value, is not entitled to a new trial because the jury in their verdict failed to declare the value of the automobile which defendant was convicted of stealing.

(Decided March 26, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Bernsteen & Bernsteen,* for plaintiff in error.

*Mr. E. C. Stanton* and *Mr. Jas. Cassidy,* for defendant in error.

WASHBURN, P. J. Angelo Serra, plaintiff in error, was convicted of the crime of stealing an automobile.

A careful consideration of the record leads us to the conclusion that the judgment is not manifestly against the weight of the evidence, but, on the contrary, that the jury were justified in finding as they did.

As might be expected in a hotly contested case the record is not free from irregularities, but we have examined the errors referred to in argument and brief and find no prejudicial error.

The only alleged error that we deem it necessary to refer to is the claim that a new trial should have been granted because the jury in their verdict failed to declare the value of the automobile which the plaintiff in error was convicted of stealing.

This is required, it is claimed, by Section 13691, General Code, which provides:

"When an indictment charges an offense against property by larceny, embezzlement or obtaining it by false pretense, the jury on conviction, shall ascertain and declare in their verdict the value of such property."

In support of this claim we are cited to the case of *Armstrong* v. *State,* 21 Ohio St., 357, decided in December, 1871.

At the time of the above decision, Section 13691 was the same as it now is, and the grade of the crime of larceny (under all statutes except the horse-stealing statute, Section 12448), depended upon the value of the thing stolen (S. & C., 408 and 409), and the same was true of the crime of embezzlement (S. & C., 426), but the grade of the crime of obtaining property by false pretenses did *not* depend upon the value of the property obtained (S. & C., 429).

In *Armstrong* v. *State* it was said that while there was no good reason for requiring the jury to find value under the horse-stealing statute (Section 12448), because it was an offense to steal a horse "of any value" and therefore neither the grade nor

penalty of the crime depended upon value, nevertheless, insomuch as Section 13691 expressly required such finding in prosecutions for obtaining property by false pretenses, which was the same as the horse-stealing statute in that the value had nothing to do with the grade of the offense, and insomuch as horse-stealing was larceny as that term is ordinarily used and Section 13691 used the term "larceny," it would be held that the verdict in a case for the violation of the horse-stealing statute (Section 12448) was incomplete if it did not find the value of the property stolen.

Since that decision was rendered the statute in reference to obtaining property by false pretenses has been amended so that the grade of the offense *does* now depend upon the value of the property so obtained (Section 13104), and therefore the fact given by the court as a reason for its decision no longer exists.

As the statutes now read the grade of the offenses of embezzlement and obtaining property by false pretenses, tb which Section 13691 expressly applies, depends upon the value of the property embezzled or falsely obtained, and therefore there is an obvious reason for requiring the jury, on conviction, to return in their verdict the value of the property embezzled or falsely obtained; the same is true as to larceny cases other than those under the horse-stealing statute (Section 12448), which now includes automobile stealing (107 O. L., 558), but we can conceive of no good reason why, in prosecutions under the latter statute, the jury should be required to find the value of the property stolen when it is an offense to steal property "of any value" of the

kind therein described, and the grade of the offense does not depend upon the value of the property stolen.

We are therefore of the opinion that while the provisions of Section 13691 apply to prosecutions for larceny under Section 12447, and all other prosecutions for larceny where the grade of the offense depends upon the value of the property involved, the provisions of Section 13691 do not apply to prosecutions under Section 12448, which is a special statute applying to particular property and making it an offense to steal property "of any value" of the particular kinds described, and providing a severe penalty for such stealing, and that the construction placed upon Section 13691 in *Armstrong* v. *State, supra,* when the statutes were different than they are now, should not be followed in construing the statutes as they are at present; but if we should be in error as to this there is another reason why the plaintiff in error in this case ought not to be heard to complain because the jury did not find the value of the automobile which the jury found him guilty of stealing.

During the trial of the case the state offered evidence of the value of the automobile, and plaintiff in error objected to the introduction of such evidence, and succeeded in keeping from the jury the facts which would have enabled the jury to find such value. Under such circumstances he should not be given a new trial simply because the jury did not find the value that he made it impossible for them to find.

*Judgment affirmed.*

VICKERY and INGERSOLL, JJ., concur.