### STATE v. LE MASTERS*
(No. 1331; March 22, 1927; 254 Pac. 120.)

CRIMINAL LAW—RECEIVING STOLEN GOODS—VERDICT — INDICTMENT
AND INFORMATION—FAILURE OF JURY TO FIND VALUE.

1. Verdict finding defendant guilty, "as charged," of knowingly receiving stolen property, *held* not insufficient for failure to state value of property; Comp. St. 1920, § 7549, requiring jury to determine value of property taken in prosecution for larceny, being inapplicable.

2. Receiving and concealing property, knowing it to have been stolen, is separate, distinct, substantive crime, and not included or embraced in crime of larceny.

3. In prosecution for receiving stolen property jury's failure in verdict to find value of property, when properly requested to do so, in case where value of property is close question is error.

*See Headnotes:   (1) 34 Cyc. p. 531 n. 21.   (2) 31 CJ p. 868 n. 44.   (3) 34 Cyc. p. 531 n. 21.

APPEAL from District Court, Natrona County; BRYANT S. CROMER, Judge.

Ralph Le Masters was convicted of receiving stolen property, and he appeals.

*M. F. Ryan*, for appellant.

Defendant was charged, under Section 7111 C. S., with receiving stolen goods, knowing the same to have been stolen, of a stated value; the verdict of guilty did not find the value which was a necessary element to determine the degree of the crime; Thompson v. State, 21 Wyo. 196; Merrill v. State, 22 Wyo. 188. The omission was fatal and the judgment should be reversed and the cause remanded.

*David J. Howell,* Attorney General, and *John C. Pickett,* Assistant Attorney General, for respondent.

The case is distinguishable from Thompson v. State, cited by appellant; the Thompson case was brought under what is now Section 7549 C. S., requiring value to be found; receiving stolen property is a distinct substantive crime; 7111 C. S.; Curran v. State, 12 Wyo. 553. Hence, the Thompson case does not apply; the second count charged concealment of property known to have been stolen; the verdict was a finding of guilt as charged in the second count of the information, which had fixed the value; a verdict of this kind fixes the value of property at that charged in the information; cases holding to the contrary are governed by specific statutory provisions; 36 C. J. 946; 17 R. C. L. 81; State v. Kelliher, (Ore.) 50 P. 532; Territory v. Netherland, 85 P. 1044; State v. Pirkey, (S. D.) 118 N. W. 1044; State v. Inkebarger, (Okla.) 127 P. 707; Paige v. State, (Ind.) 139 N. E. 143. The judgment should be affirmed.

BROWN, District Judge.

The defendant below was charged in the District Court of Natrona County with the larceny of certain goods, valued at $614. In the second count of the information, he was charged with receiving, concealing and aiding in the concealment of the same property, knowing it to have been stolen. He was acquitted on the first count, and found guilty on the second count of the information.

The verdict of the jury is as follows:

"We, the jury, duly and regularly empaneled and sworn in the above entitled cause, do find the defendant, Ralph Le Masters, guilty as charged in the second count of information."

The appellant contends that the verdict is insufficient to support the judgment because the jury did not find and

return in their verdict the value of the property alleged to have been received and concealed, knowing it to have been stolen. He says: "We believe the law is too well settled in this state to require any citation of authorities other than the case of Thomson v. State, 21 Wyo. 196, 130 P. 850." He also cites Merrill v. State, 22 Wyo. 188, 136 P. 795. Neither of the above cases is in point. In both the defendant was found guilty of larceny.

Section 7549, W. C. S. 1920, provides:

"When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretences, the jury on conviction shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained."

It will be observed that the above section of the statute makes it mandatory, in cases of larceny, for the jury to find the value of the property stolen in their verdict.

The confidence with which appellant relies upon the above cases cited by him would indicate that he considers the crime of receiving stolen property as larceny or a species of the crime of larceny. This, however, is not the case. Receiving property, knowing it to have been stolen, was not a distinct crime in itself at common law. Originally the receiver of stolen goods at common law was indictable for misprison of the felony of larceny or for compounding the felony; an early English statute made him an accessory after the fact to the thief. Curran v. State, 12 Wyo. 572; 76 P. 577, 34 Cyc. 515. By 7 and 8 Geo. IV, Chapter 29, Sec. 54, receiving stolen goods knowing them to have been stolen is made a substantive crime. In this state it is a separate, distinct, substantive crime. Curran v. State, 12 Wyo. 571, 76 P. 577. It is not included or embraced in the crime of larceny. An acquittal of the crime of larceny will not support a plea of former jeopardy to a charge of receiving stolen goods, knowing them

to have been stolen. State v. Fink, 84 S. W. 921. We think, therefore, that it is not governed by Section 7549. Even in larceny cases, the weight of authority, in those jurisdictions where they are not required by statute to find the value of the property stolen in their verdict, is that it is not required. A verdict of guilty, as is charged in the information, is a sufficient finding that the alleged value of the property is large enough to render the accused guilty of the degree of larceny for which he is indicted. 36 C. J. 946; Inkleberger v. State, 8 Okl. Cr. 316, 127 Pac. 707, and cases cited. In a few states the rule requiring the jury to find the value of the property stolen in their verdict, obtains on the theory that that is necessary to determine the grade of larceny, but that is not the general rule.

Where not required by statute to find the value of the property, a verdict finding the defendant guilty as charged in the information is sufficient in cases of knowingly receiving stolen property. Territory v. Neatherland, 13 N. M. 491, 85 Pac. 1044; People v. Gaugh, 2 Utah 70; State v. Pirkey, 22 S. D. 550, 118 N. W. 1042; 18 Ann. Cas. 192; State v. Fink, 186 (Mo.) 50, 84 S. W. 921. In this case, the value of the property concealed was alleged in the information, to be $614.

In case the question of the value of the property is a close question, the defendant should request an instruction as to value and a finding by the jury of the value of the property. It would undoubtedly be error where properly requested to do so, for the jury not to find the value of the property in their verdict. State v. Pirkey, supra.

There was no request for a finding of value in this case, and no objection to the verdict was taken. The evidence taken at the trial is not included in the record. We have no means of knowing whether or not the value of the property in question was one of the contested questions on the trial, but may assume it was not, or if it was, that the verdict found it to be as alleged.

The judgment of the trial court should be affirmed, and it will be so ordered.

*Affirmed.*

Potter, J., and Riner, District J., concur.