## STATE v. CAMPBELL
(No. 1627; Nov. 19, 1930; 293 Pac. 365)

For the appellant there was a brief by *J. R. Sullivan, S. C. Downey* and *S. G. Parker,* all of Laramie, and oral argument by *Mr. Sullivan* and by *Mr. Parker.*

254

For the respondent there was a brief by *Wm. O. Wilson,* Attorney General and *James A. Greenwood,* Deputy Attorney General, both of Cheyenne, and oral argument by *Mr. Greenwood.*

**BLUME, Chief Justice.**

The defendant herein was charged with embezzling the sum of $3256.24, as Clerk of the District Court of Albany County. He failed to report the income of his office for the period of April 1, 1928 to April 1, 1929, until the 4th day of April, 1929, and in the meantime also failed to pay such income into the office of the County Treasurer, as required by law. On April 3, 1929, however, he gave to the County Treasurer twelve different checks, representing the income for the twelve preceding months, and on the next day filed in the office of the county clerk twelve different reports, showing the income of his office for each of the preceding twelve months respectively. The checks given by him, amounting to $3304.90, and corresponding to the amounts shown by the reports, were by the County Treasurer pre-

sented to the bank on April 3, 1929 and payment thereon was refused for want of funds. The testimony further shows that in the meantime, and as early as December, 1928, the Board of County Commissioners became uneasy about the failure of the defendant to report and directed the county clerk to make a demand on the defendant to do so. That demand was made as directed, and pursuant to the orders of the board of county commissioners, was repeated during the succeeding months, after the defendant continued in his failure to make reports. The evidence indicates that these demands for the reports implied or included a demand also for the payment of the money due into the office of the county treasurer, inasmuch as approval thereof would be withheld until such payment was made and inasmuch as, according to custom or otherwise, the reports included a certificate to the effect that such payment to the county treasurer had actually been made. Moreover, the demand for the money due from the clerk was also made by the county treasurer when the checks above mentioned were turned down by the bank. The defendant having failed to make the checks good, he was thereupon and upon April 27, 1929, charged with embezzlement as above stated, and after trial was duly convicted. From such conviction and the sentence thereon he has appealed to this court.

1. The sections of the statute applicable in this case are as follows:

Section 1160, Wyo. C. S. 1920, provides:

"All fees prescribed by statute for civil business, shall be collected in advance by the clerk of the District Court, and paid to the treasurer of the county at the end of each month, and such clerk shall be liable under his bond for the collection and payment of such fees."

Section 1441 provides:

"Every county clerk, clerk of the District Court, county and prosecuting attorney, sheriff, justice of the peace, con-

stable, or other county or precinct officer by law elected or appointed, required or permitted to receive and pay over to the county treasurer any taxes, fines, fees, or other moneys whatsoever, shall, promptly at the close of each month, pay the same to the county treasurer, taking his official receipt therefor. Each such county or precinct officer shall also prepare a monthly statement of all such moneys so received by him, showing the sources of said receipts, and file the same with the county clerk for presentation to the board of the county commissioners.''

Section 3374 provides:

''Every magistrate or other officer to whom any fines imposed under general laws of the state shall be paid for the use of the county, shall, at each regular meeting of the board of county commissioners, make a report of the total amount so collected, and all fines so collected shall be paid into the county treasury for the credit of the public school fund of the county, within thirty days after collection thereof.''

The defendant was charged with embezzlement under Section 7131, Wyo. C. S. 1920, which, so far as applicable here, provides as follows:

''Any * * * clerk of any court * * * who shall fraudulently fail or refuse * * * at any time during such term (of office), when legally required by the proper person or authority, to account for, deliver and pay over to such person as may be legally entitled to receive the same, all moneys, choses in action, or other property which may have come into his hands by virtue of his said office, shall be deemed guilty of embezzlement.''

It is the contention of counsel for the defendant that under these provisions of the statutes, since a clerk of the District Court is required to make a report at the end of each month, and pay the money received by him into the county treasury, a failure to do so at the end of each and every month is, without demand being made therefor, a separate crime, and that he cannot be charged, as was done

in this case, with having embezzled a lump sum, collected
during a number of months and not paid over as required
by law; that, in other words, the defendant was charged
herein with twelve different crimes and that the court erred
in not sustaining the motion of the defendant to require
the prosecuting attorney to elect on which of the separate
crimes he relied for conviction. We are cited, as sustain-
ing this contention, mainly to the case of Edelhoff v. State,
5 Wyo. 19, 36 Pac. 627. In that case the defendant, an em-
ploye of the Union Pacific Coal Company, was charged with
having embezzled a lump sum of $208.40. This sum had
been collected by the defendant from month to month for
a period of eighteen months, during some of the time at the
rate of $8.75 per month and during the remainder of the
time at the rate of $8.25 per month. The court held that
the evidence showed that the defendant was charged with
eighteen different crimes, and set the verdict of conviction
aside. The defendant was the agent for the collection of
rent on a house. At the end of each of the months in ques-
tion, he made a report, showing that the house had been
vacant during the preceding month. This report was shown
to have been false and that the defendant had in fact col-
lected money during each of the months in question, and
the court held that the report to the effect that the house
had been vacant was tantamount to a denial of the receipt
of the money and that a clear case of embezzlement under
what is now Section 7134, Wyo. C. S. 1920, which required
no demand, was made out for each and every one of the
eighteen months. But the law and the facts in the case
at bar are decidedly different. Sections 1160, 1441, and
3374, supra, requiring the defendant to make a report at
the end of each month and pay the money collected into
the county treasury, do not provide that the mere failure in
that respect should constitute a crime, and we cannot, as
counsel for the defendant do, read that meaning into them.
The defendant became liable criminally only upon violation
of Section 7131, supra, which requires that an officer failing

to pay and deliver the money therein mentioned to the county treasurer shall be guilty of embezzlement only when "legally required by the proper person or authority" to make such payment. The demand so specified in that section is just as essential as the failure to account and the nonpayment of the money. This has been expressly held under the Indiana statute from which Section 7131 was taken. State v. Hebel, 72 Ind. 361, 363, and State v. Adamson, 114 Ind. 216, 16 N. E. 181, 182. In the latter case it was said that:

"In order that he (defendant) may be thus guilty, the failure and refusal must be 'when legally required by the proper person or authority.'"

In the case of State v. Bancroft, 22 Kans. 170, 211, under a statute making failure to pay over another's money upon demand embezzlement, the court said:

"Another matter of moment is that of demand. Under this third count the gist of the crime is the refusal to pay upon demand; a mere neglect to pay when due is insufficient and a demand must be proved before any conviction can be had."

See also State v. Munch, 22 Minn. 67, and Adams v. People, 25 Colo. 532, 55 Pac. 806. This difference in the statute under which the defendant was convicted in the case at bar and that under which the defendant in the Edelhoff case was convicted was clearly pointed out by the court. While in that case, as stated, the conviction was set aside because the evidence was construed as showing an actual appropriation at the end of each month of the money collected during the preceding month, there was nothing in the case at bar to indicate such appropriation. So far as appears in the record before us, the defendant did not embezzle the money until he failed and refused to comply with the demands which were made upon him. In such case, he may be charged with embezzling the whole sum found to be due at

the time of the demand. It is said in Wharton, Crim. Proc., 10th ed., Vol. 1, Sec. 597:

"Where an agent or servant authorized to collect money receives from various persons different sums of money all of which he retains and converts to his own use at one and the same time, he commits but one embezzlement and must be so charged."

In the case of Gravatt v. State, 25 Oh. St. 162, in which a refusal to compel an election was upheld, the court said:

"The money, it is true, was received at different times and from different persons. But the collection of the several sums by the plaintiff in error was lawful and in due course of his employment. The evidence did not show a distinct and independent conversion of each sum, but the conversion of both sums as one transaction."

In the case of Campbell v. State, 35 Oh. St. 70, a similar action on the part of the trial court was upheld, the court saying:

"Upon the state of the testimony at the time this motion was made and overruled the jury might well have found that no part of the moneys collected by the defendant had been appropriated to his own use until after the several sums had been received and that the whole amount was converted and appropriated by the same act. Although the notes had come into the defendant's possession at different times and several sums collected thereon had been received at different times and places, yet if the whole amount was in his hands at one time and was embezzled in one transaction, it is quite clear that but one offense was committed."

In State v. Dix, 33 Wash. 405, 74 Pac. 570, one of the syllabi reads:

"A bill of particulars concerning an information for embezzlement setting out that definite sums were entrusted to the accused at different times and that at a certain day he failed to account for these sums does not show that more than one offense, continuing for some time, is to be proved."

In the case of State v. Moyer, 58 W. Va. 147, 6 Ann. Cas. 344, 52 S. E. 30, it appears that defendant, who was accused of embezzlement, was under contract to make reports of collections and to remit all money collected weekly, just as the defendant in the case at bar was under duty to do monthly. The error assigned in that case will appear from the court's opinion, which in part is as follows:

"It is assigned as error that the court permitted the State to introduce evidence of a number of distinct transactions, in order to make up the aggregate sum alleged to have been embezzled. It is true the evidence shows that the money which the defendant is charged with having embezzled was collected by him at different times and from different persons, but the collection of these several sums by the defendant was lawful, and in the due course of his employment, and if there was shown to be a conversion, it was not a distinct and independent conversion of each sum, but the converson of each sum as one transaction. 'On a trial of a charge of embezzlement, the fact that the money alleged to have been embezzled by the defendant was received in several sums at different times and from different persons, affords no ground for requiring the prosecutor to elect on which sum he will rely for conviction.' Gravatt v. The State, 25 Oh. St. 162. We do not think the court erred in this respect."

In the case of Adams v. People, 25 Colo. 532, 55 Pac. 806, 807, the defendant, clerk of the District Court, was convicted of embezzlement under a statute similar to ours and which, so far as pertinent here, contains the following provisions:

"If any officer entrusted by law to collect, disburse, receive or safely keep any money belonging to any county in the state shall fail or refuse to pay over all moneys which any such officer or person shall receive or shall collect when such officer or person shall be thereto required by law and demand duly made, if such demand be practicable, every such officer or person shall, on conviction thereof, be punished," etc. Mill's Ann. St. Colo. 1891, Sec. 1246.

In that case the contention was made that the distinct items of collections by the defendant from different sources and at different times and the failure to pay over these items as required by law, constituted distinct crimes. But the Supreme Court of the state, overruling this contention, said among other things as follows:

"The mere failure or neglect of the persons or officers, in the circumstances specified, to pay into the county treasury moneys collected by them, constitutes the offense—whatever be its character—for which the punishment is inflicted, without regard to the question whether or not it has been appropriated or converted by them to their own use. The section does not purport to cover the case of an ordinary embezzlement, and provision is elsewhere made therefor, * * * but it is for his failure to pay into the treasury money collected by him, from whatever source, regardless of the number of distinct items composing it, that the penalty is provided. * * * The offense, under this section of the statute—whatever the same or similar acts may be under other statutes—consists in the failure, on proper demand, to turn over money of the county which the officer has collected. It makes no difference from what source, or from how many sources, the money is derived; for, when collected, whatever be the sum, large or small, the county becomes the general or special owner of it, and an indictment which charges the failure to pay it over may not be said to consist of more than one offense because the aggregate amount is made up of a number of jury fees or witness fees, or because part of it was collected by the clerk under each of the three different appointments under which he acted in the discharge of his official duties."

And the late case of State v. Berg, 200 Iowa 627, 204 N. W. 441, while not very clear, holds that when the evidence shows a failure to pay over money by an officer on demand, the charge of embezzlement may be for the total amount unpaid and that in such case no election is required.

2. Counsel for the defendant, however, contend that several demands have been shown in this case, if any, and

that, accordingly, there were at least as many crimes as there were failures and refusals to comply with such several demands. This point, however, was not made in the court below, and cannot accordingly be made in this court. Aside from that, however, we think the objection is technical. When a demand is made, a reasonable time to comply therewith must of course be given. We do not think that the county authorities should be compelled to determine at their peril as to when such reasonable time has elapsed, and when they see fit to make several demands, as in the case at bar, the last including a demand for the payment of all of the money due from an officer, all of the various demands made may well be treated as one continuous transaction.

3. While, as stated before, counsel for the defendant contend that no demand was necessary in this case, they alternatively seem to contend that none was made. They claim that all proceedings of the board of county commissioners must be shown upon its records; that in this case the records of the board of county commissioners of Albany County do not show that it asked the county clerk to make any demands on the defendant and that consequently those made by the county clerk were not legal. No authorities on that point, however, have been cited, and we do not consider the contention well taken. Moreover, demand was also made by the county treasurer, and in view of the fact that the money must be paid to him, the demand contemplated by the statute may, we think, be made either by him or by the board of county commissioners. It need not be strictly formal, and we think the demands made in this case were sufficient. State v. Bancroft, 22 Kans. 170.

4. Error is assigned because the court refused to admit in evidence certain checks which the defendant had left in an envelope in his office after he had resigned and which were taken possession of by the county treasurer. Some of them were thereafter cashed and some of them were not.

Many were made in 1927. The county treasurer, who alone testified in regard to them, had no knowledge as to what these checks represented or in what capacity they were received by the defendant. It is insisted that these checks should have been admitted to contradict other testimony in the case tending to show the defendant's insolvency. However that may be, everything that could have been shown by the checks was shown by other testimony that was admitted. The checks amounted to the sum of $610.80; the total cash realized on them was $330.35. All of this was fully shown not only on direct examination by the state but also on cross-examination by the defendant. No question was raised as to these facts and the jury could not, by merely seeing the checks, have received fuller information than they already had. Moreover, the fact that the defendant had $600 or thereabouts, had no tendency whatever to show that he was solvent at the time of the charged embezzlement, unless other evidence had been offered showing that he had other and additional cash on hand, sufficient to meet the amount due from him to the county. But no other testimony of that character was offered and we think, accordingly, that under the circumstances, if the court committed any error, it was error without prejudice.

5. It is also contended that there is no evidence to show that the defendant received the money which he is alleged to have embezzled, but we think counsel is mistaken in that. Defendant in his reports certified that the amounts stated therein correctly represented the earnings of his office, or of money collected by him. These reports were competent evidence in the case. State v. Ring, 29 Minn. 78, 11 N. W. 233; McBride v. U. S., (C. C. A.) 101 Fed. 821. Defendant gave checks to the county treasurer for these amounts thus reported, without claim that he did not owe these sums. Section 1160, supra, states that all fees prescribed by statute shall be collected by the clerk of the District Court in advance and we must presume that he did his duty in this respect. And we think, accordingly, that the

facts shown in the case at bar made at least a *prima facie* case that the defendant had actually collected the amount which he reported and for which he gave the checks as above stated.

We find no prejudicial error in the record and the judgment of the trial court must accordingly be affirmed. It is so ordered.

*Affirmed.*

KIMBALL and RINER, JJ., concur.