STATE OF WYOMING,

*Plaintiff and Respondent,*

vs.

CLAUDE CHAMBERS,

*Defendant and Appellant.*

(No. 2531; October 28th, 1952; 249 Pac. (2d) 158)

284

For the defendant and appellant the cause was submitted upon the brief of Erle H. Reid and Hal E. Morris, both of Torrington, Wyoming, and oral argument by Mr. Morris.

For the plaintiff and respondent the cause was submitted upon the brief of Harry S. Harnsberger, Attorney General, Howard B. Black, Deputy Attorney General, Paul T. Liamos, Jr., Assistant Attorney General, James L. Hettinger, Assistant Attorney General, all of Cheyenne, Wyoming, George P. Sawyer, County and Prosecuting Attorney of Goshen County, Wyoming, of Torrington, Wyoming, and oral argument by Mr. Black and Mr. Sawyer.

## OPINION

ILSLEY, Justice.

The defendant and appellant, Claude Chambers, was informed against, tried and convicted in the District Court of Goshen County, of the crime of embezzlement and was sentenced to a term in the penitentiary. He has appealed, alleging some twenty-six specifications of error, seeking a reversal of that judgment.

The Information was filed under the provisions of Section 9-328 W.C.S. 1945, which provides: "Whoever being * * *, a trustee or other person acting in a fiduciary capacity without good cause, fails or refuses when legally required by the proper person or authority, to account for or pay over to such person as may be lawfully entitled to receive the same, any money, choses in action, or other property which may have come into his hands by virtue of his office, duty or trust, shall be deemed guilty of embezzlement, and shall be imprisoned in the penitentiary not more than five years."

The Information charged the appellant Chambers with embezzling the proceeds of a check intrusted to him by one Le Roy Morgan to be deposited in the Citizens National Bank of Torrington, Wyoming, alleging that said check in the sum of $1,089.95 was a properly endorsed check issued by the Equitable Life Assurance Society of the United States to Le Roy Morgan, and that. "Claude Chambers then and there unlawfully, feloniously and fraudulently applied and converted to his own use, except for the sum of $200.00, with the felonious intent of then and there and thereby defrauding said Le Roy Morgan, and has wholly refused and failed to account to said Le Roy Morgan for the same or any part of the same except for said $200.00, though demand therefor has been made by Le Roy Morgan. * * *"

The appellant states in his 26th specification of error, "that the Information filed in said cause does not charge the defendant with a criminal offense." A careful comparison of the Information with the essentials necessary to charge the crime of embezzlement under Sec. 9-328 W.C.S. 1945 discloses that all of the necessary allegations are set forth in the Information. The most that can be said of the argument presented by

appellant is that the Information is inartificially drawn. We are of the opinion that the Information is sufficient. 27 Am. Jur. 618 § 51.

On trial the jury returned the following verdict:

"Verdict No. 1

"We, the jury, duly empanelled and sworn to try the above entitled cause, do find the defendant guilty as charged."

In specification No. 20 the appellant states that, "The Court erred in submitting Verdict No. 1 to the jury."

Attention is called to the provisions of Sec. 10-1402 W.C.S. 1945.

"When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained."

The verdict of the jury did not comply with the requirement of the statute and fix the value of the property embezzled.

This is the fourth time that the provisions of Sec. 10-1402 W.C.S. 1945 have been before this court for discussion. In Thomson vs. State 21 Wyo. 196, 130 P. 850 and again in Merrill vs. State 22 Wyo. 186, 136 P. 795 it was held that it is mandatory for the jury to find the value of property stolen although horse stealing and the stealing of neat cattle is declared by statute to be a felony regardless of the value of the animal stolen. In the case of State vs. Le Masters 36 Wyo. 241, 254 P. 120 where the defendant was charged with receiving stolen property, this statute, requiring the jury to "ascertain and declare" in its verdict the value of the property involved, was again discussed and the

later case was distinguished from that of Thomson vs. State, supra, and Merrill vs. State, supra.

Judge Beard, commenting in Thomson vs. State, supra, upon the Ohio statute identical with our Sec. 10-1402 W.C.S. 1945, quoted with approval from Armstrong vs. State 21 Ohio St. 357, as follows:

"The determination of the grade of punishment is not, then, the only reason for this provision of the code. Although the value of the property stolen in one case, or falsely obtained in the other, may not affect the grade or kind of penalty imposed for these offenses, it may influence the degree of punishment to be inflicted. The statute gives a wide discretion to be adjudged, on conviction. In this view, it may have been regarded as material to the substantial rights of the defendant, that the actual value of the property stolen, or falsely obtained, should be ascertained and returned in the verdict, and that it should not be left, as on a general verdict of guilty, according to respectable authority it might be (Bish. Crim. Proc., Sec. 719), to be implied to be the amount stated in the indictment. But whatever reasons may have induced the enactment of the section, its terms are such, we are constrained to hold, that the offense for which the defendant was tried, was embraced in its provisions. To hold the reverse would virtually be a judicial repeal of the section. The verdict was not, therefore, in accordance with the express requisition of the statute, and should have been set aside on the motion of the defendant made for that purpose. It follows that the judgment must be reversed, and the cause remanded for a new trial." 21 Wyo. 202, 130 P. 850.

Judge Beard also referred to the Nebraska cases of Holmes vs. State 58 Neb. 297, 78 N.W. 641; McCoy vs. State 22 Neb. 418, 35 N.W. 202; Fisher vs. State 52 Neb. 531, 72 N.W. 954; McCormick vs. State 42 Neb. 866, 61 N.W. 99. All four of the Nebraska cases held that the provision of the Nebraska code (identical with 10-1402 W.C.S. 1945) fixing the value of the property to be returned in the verdict of the jury, was wholly

ignored although clearly applicable; that its provisions are mandatory and cannot be evaded; that the verdict conferred no authority upon the trial court to enter a judgment or sentence.

The Attorney General now contends that since the decision in Thomson vs. State, supra, and the decisions of the Supreme Courts of Ohio and Nebraska, both courts having overruled their previous decisions, there is no need now for this court to require a jury to find and declare value in its verdict where the degree of crime does not depend on value. Reference is made to Serra vs. State 14 Ohio App. Rep. 252 wherein the decision in Armstrong vs. State, supra, is expressly overruled, although the Ohio court in the Serra case seems to have some doubt as to its judgment in that regard. Referring to the Ohio statutes which had been changed since the decision in Armstrong vs. State, the Ohio court states:

"* * * but if we should be in error as to this there is another reason why the plaintiff in error in this case ought not to be heard to complain because the jury did not find the value of the automobile which the jury found him guilty of stealing.

"During the trial of the case the state offered evidence of the value of the automobile, and plaintiff in error objected to the introduction of such evidence, and succeeded in keeping from the jury the facts which would have enabled the jury to find such value. Under such circumstances he should not be given a new trial simply because the jury did not find the value that he made it impossible for them to find." 14 Ohio App. 252.

The Supreme Court of Nebraska in Griffith et al vs. State 94 Neb. 55, 142 N.W. 790, expressly overruled Fisher vs. State, supra, and Holmes vs. State, supra. In so doing that court states that a change has taken place in its criminal code and that an Indeterminate Sentence Act has been passed vesting a trial court with a large discretion in passing sentence and, therefore,

there is no further reason for requiring a jury to find the value of the property stolen. Whatever the reasons given by the Ohio and Nebraska courts for the overruling of their previous decisions, we find no good reason for so doing as far as the law on the subject in Wyoming is concerned. This Section 10-1402 W.C.S. 1945 first became a law in 1869 (Sec. 156, Ch. 75—Title 13, Territorial Laws 1869). The law defining grand larceny, petit larceny and embezzlement was enacted in 1890. (Ch. 73 Laws 1890). The law in regard to obtaining property by false pretenses was enacted in 1876. (Ch. 35 Laws 1876.) After all of these years it hardly behooves us to do what successive sessions of legislatures have failed to do, repeal Section 10-1402, by a judicial decree. It has stood all of these years without change. If we had the power of legislation, we might change this statute; but we do not possess that function. It is impossible for us to say that this statute is unreasonable. We can only consider legislation as it exists. Courts are not authorized to substitute their views for those of the legislature. One of the chief merits of this great American Republic is the division of powers, in both the state and national governments, into three grand departments, the executive, the legislative and the judicial. It is essential to the success of this form of government that the powers invested in any one of these departments shall not be permitted to encroach upon the powers of any one of the others. As stated by this court in White vs. Hinton 3 Wyo. 760, 30 P. 953, "whether legislation is wise or unwise, politic or impolitic, is not a judicial question." Again, "* * * the courts will not conjure up theories to overturn and overthrow the solemn declarations of the legislative body." State ex rel. Voiles vs. High School 43 Wyo. 504, 5 P. (2d) 255; State vs. W. S. Buck Merc. Co. 38 Wyo. 47, 264 P. 1023, 57 A.L.R. 675; Brown vs. Clark 47 Wyo. 216, 34 P. (2d) 17.

It follows that the appellant is entitled to a new trial and it will be so ordered.

The appellant insists that no evidence was introduced on trial to show that a demand was made of the appellant for any sum of money or property intrusted to him to which the prosecuting witness, Morgan, was legally entitled. That it was error for the trial court to overrule appellant's motion for a directed verdict and to overrule his objections to instructions given to the jury in this regard.

We believe that under Sec. 9-328 W.C.S. 1945 a demand of the appellant for the property intrusted to him was necessary. See 29 C.J.S. 684 Sec. 11(c), 18 Am. Jur. 583, Sec. 23. However, we have carefully considered the evidence submitted on the question of a demand and to our mind the record discloses that a demand was made. As stated by this court in State vs. Campbell 42 Wyo. 252-263, 293 P. 365, referring to demands in a case where the charge was embezzlement: "It need not be strictly formal, and we think the demand made in this case was sufficient," citing State vs. Bancroft 22 Kans. 170. It has been held that: "the specific word demand need not be used in making a legal request but it is sufficient if any words are used which are understood by both parties, to be a demand." Babbit v. Chicago & A. Ry. 149 Mo. App. 439, 130 S.W. 364-367; State v. Taylor 38 P. (2d) 680-683; Miller v. Davis 88 Me. 454, 34 Atl. 265; Willis vs. Hoover 9 Ore. 418; People vs. Gerold 265 Ill. 448, 107 N.E. 165.

For a discussion on the necessity for a demand in other embezzlement cases see Edelhoff vs. State 5 Wyo. 19, 36 P. (2d) 627; State vs. Hambrick 65 Wyo. 1, 196 P. (2d) 661.

Error is assigned in the giving of instruction No. 3 which appellant claims, "wholly fails and omits any

consideration of the theory of the defense which was that appellant had paid Mr. Morgan at the time appellant received the check." A general exception to this instruction was made, but counsel failed to point out in what particulars the instruction was erroneous. A trial court has a difficult time in settling upon just what instructions should be given after both sides have rested their case and, in all fairness to the trial judge, counsel should point out with definiteness and particularity wherein the instruction is in error. In speaking of this matter of giving instructions this court in Dickerson vs. State 18 Wyo. 440, at 445, 111 P. 857 stated: "The rule is well settled that it is incumbent upon the complaining party to point out with *definiteness* and *particularity* the error of which he complains, so that the trial court may pass upon the exact question which may thereafter be presented for review." See also Richey vs. State 28 Wyo. 117-134, 201 P. 154.

Appellant predicates error upon the trial court's refusal to give five instructions which he claims, "embraces a part or all of the theory of the defense that appellant had paid Morgan, the prosecuting witness, at the time of the transaction."

While it is doubtful if this question will arise upon a new trial we mention in passing as stated in State vs. Hickenbottom 63 Wyo. 41-69, 178 P. (2d) 119; "We think the defendant had a right to have his main defense in the case affirmatively presented to the jury."

It is generally held that it is the duty of the trial court in a criminal case to instruct the jury on the *general principles* applicable in the case. Gardner vs. State 27 Wyo. 316-330, 196 P. 750, 15 A.L.R. 1040, Sec. 10-1301 W.C.S. 1945 and annotated cases. State vs. Catellier 63 Wyo. 123, 179 P. 203. Other errors as-

signèd are not likely to occur on another trial of the case and need not be considered.

For the reasons set forth herein the case is remanded for a new trial.

BLUME, C. J., and RINER, J. concur.