## THOMSON v. STATE.
### (No. 712.)

CRIMINAL LAW—LARCENY—HORSE STEALING—TRIAL—VERDICT—FAILING TO STATE VALUE OF PROPERTY STOLEN.

1. The statute (Comp. Stat. 1910, Sec. 6252), which provides that when an indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained, is mandatory, and applies where the accused is charged with stealing a horse, although horse stealing is declared by statute to be a felony regardless of the value of the animal stolen.

[Decided March 24, 1913.]          (130 Pac. 850.)

ERROR to the District Court, Weston County; HON CARROLL H. PARMELEE, Judge.

Daniel Thomson was charged by information in the District Court with stealing one horse alleged to be "of value" and "the property of James Ryan." The trial resulted in a verdict finding him guilty "as charged in the information," and the defendant was sentenced to a term in the penitentiary. The other material facts are stated in the opinion.

*A. H. Beach* and *Camplin & O'Marr,* for plaintiff in error.

The motion of the defendant below for a postponement of the trial on account of the absence of a witness for whom a subpoena had been duly issued, but who could not be found in the county by the sheriff, as shown by his return on the subpoena, should have been sustained under the provisions of Section 5139, Compiled Statutes, 1910, since the state did not agree that such absent witness would, if present, testify to the facts stated in the affidavit in support of said motion. The court also erred in permitting the filing by the prosecution of counter-affidavits opposing the motion and affidavit for continuance.  (Comp. Stat. 1910, Secs. 5139-5141; Hair v. State, 14 Neb. 503; Newman v. State, 22 Neb. 355; Gandy v. State, 27 Neb. 707; State v. Abshire (La.), 17 So. 141; State v. Dakin, 52 Ia. 395; Terr v. Kinney, 9 Pac. 599.)

The court should have charged the jury to declare in their verdict the value of the property taken.  (Comp. Stat. 1910, Sec. 6252.)  And the jury having failed by their verdict to ascertain and declare such value, the verdict is insufficient.  (Armstrong v. State, 21 O. St. 357; Holmes v. State, 58 Neb. 297, 78 N. W. 641; McCoy v. State, 22 Neb. 418, 35 N. W. 202; Fisher v. State, 52 Neb. 531, 72 N. W. 954; Bartley v. State, 53 Neb. 310.)  Horse stealing is larceny, and the language of Section 6252 is clearly broad enough to embrace that offense.  Defendant's motion for a directed verdict in his favor should have been sustained. A criminal charge must be proved as laid, and all essential elements of the charge must be established beyond a reasonable doubt.  Where the accused is charged with larceny, if it appears that he came into possession of the property honestly, he is entitled to the benefit of such proof.  (Conkwright v. People, 35 Ill. 204; People v. Miller, 11 Pac. 514.) Where the defendant has given a reasonable explanation of his possession, showing that he came by the property honestly, the burden is on the prosecution to prove the falsity thereof.  (Powell v. State, 22 Tex. App. 447, 35 S. W.

737; Jones v. State, 30 Miss. 653; Johnson v. State, 12 Tex. App. 385.) There was no proof of asportation nor of any felonious taking. Nor was there any proof of criminal intent, or of venue. The verdict is not sustained by sufficient evidence. (Dean v. State, 41 Fla. 291, 26 So. 638; Long v. State, 44 Fla. 134, 32 So. 870.)

*D. A. Preston,* Attorney General, for the State.

There was no effort made to procure the presence of the defendant's alleged absent witness until some time after the convening of the term at which the case stood for trial and was tried. At the time the subpoena was issued the defendant knew that the witness was beyond the jurisdiction of the court, and the affidavit for continuance stated that he was a resident of North Dakota. The statute provides for taking the deposition of a non-resident witness by the defendant in a criminal case, but no effort was made by this defendant to procure the deposition of his said witness. The application for a continuance, therefore, did not show due diligence in procuring the presence or testimony of the witness. (Keffer v. State, 12 Wyo. 49; State v. Farrington, 90 Ia. 673; State v. Lewis, 56 Kan. 374; State v. McCoy, 11 Mo. 517; People v. Oh Lee Doom, 97 Cal. 171; Haile v. State, (Tex.) 43 S. W. 999.)

Section 6252, Comp. Stat. 1910, requiring the jury to ascertain and declare in their verdict the value of the property stolen, was enacted in 1869, when the penalty for larceny depended upon the value of the property stolen. But when the value of the property stolen does not affect the penalty the provision of said section does not apply. (Hoge v. State, 117 Ill. 35; Woodring v. State, 14 Okl. 250; Shepherd v. State, 42 Ala. 531.) Section 5832, a subsequent statute, makes the stealing of a horse a felony regardless of value. Therefore, it was not necessary to allege or prove the value of the horse described in the information as having been stolen. (Chestnut v. People, 21 Colo. 512; State v. Young, 13 Wash. 584; State v. Washing, 36 Wash. 485.) The defendant was found guilty as charged in the informa-

tion. The offense charged was a felony, and no essential right of the defendant was affected by the omission of the jury to find by their verdict the value of the stolen property. (Cook v. State, 49 Miss. 8; Bryant v. State, 5 Wyo. 377; Mason v. People, 2 Colo. 373; Schoonover v. State, 17 O. St. 294; State v. White, 25 Wis. 359; U. S. v. Tyler, 7 Cranch, 285.) A general verdict of guilty is a finding upon all material averments of the indictment, including the value of the property charged to be stolen. (Chitwood v. State, 44 Tex. Cr. 439; Woodring v. Terr. *supra.;* Hoge v. People, *supra;* Wolverton v. Comm. 75 Va. 909; Koolenberger v. People, 9 Colo. 233; Elphege v. State, 31 La. Ann. 717; Burgess v. State, 33 Tex. Cr. 9.)

An examination of the evidence will fully disclose it to be sufficient and the justness of the verdict. The court will not substitute its judgment for that of the jury upon the facts. (Horn v. State, 12 Wyo. 120.) Upon conflicting evidence the verdict will not be disturbed. (Joseph v. State, 47 Ind. 255; Turner v. State, 36 S. W. 87; Wright v. State, 144 Ind. 210.) The assignment of error that the verdict is contrary to law, without stating any reason therefor, presents no question for consideration. (Dickerson v. State, 18 Wyo. 440; Miller v. State, 3 Wyo. 657.) Where no objection was made to the giving of an instruction it cannot be considered on error. (2 Sackett on Inst. 2059; Meerschat v. State, (Tex.) 57 S. W. 955.)

Admitting that it is within the discretion of the trial court to direct a verdict of acquittal, yet it is an established rule that a motion to direct such a verdict will be entertained only where the trial judge can clearly see from the evidence that it would be his duty to set aside a conviction. (Clark's Cr. Proc. 469; State v. Cady, 82 Me. 426; State v. Jones, 18 Ore. 256; State v. Collins, 24 R. I. 242; Breese v. U. S., 106 Fed. 680.) The assignments of error with reference to the admission and exclusion of evidence do not point out the evidence admitted or excluded, and hence present no question for consideration here. (Foster v. State, 59 Ind.

481; Walrath v. State, 8 Neb. 80; Edmonds v. State, 34 Ark. 724; Anderson v. Terr, (N. M.) 13 Pac. 21; Sweat v. State, 90 Ga. 315; Grant v. Westfall, 57 Ind. 121; Benson v. State, 119 Ind. 488.) A party cannot complain on error of the giving of a single instruction, where the only reference thereto in the motion for new trial was as one of a group, and one or more of such instructions appear to be correct. (Dickerson v. State, 18 Wyo. 444.)

BEARD, JUSTICE.

The plaintiff in error, Daniel Thomson, was informed against, tried and convicted in the District Court of Weston County, of the crime of stealing a horse, and was sentenced to a term in the penitentiary. He brings the case here on error, seeking a reversal of that judgment.

The information was filed under the provisions of Section 5832, Comp. Stat. 1910, which provides, "Whoever steals any horse, mule, sheep or neat cattle, of value, * * * shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the penitentiary not less than one year nor more than ten years." The information charged the defendant below, Thomson, with stealing one horse (describing it) of value the property of James Ryan. On the trial the jury returned the following verdict: "We, the jury being lawfully impaneled and duly sworn in the above entitled cause, do find the defendant guilty as charged in the information." The sufficiency of the verdict to support the judgment is the important question in the case. The statute provides, "When the indictment charges an offense against the property of another by larceny, embezzlement, or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained." (Sec. 6252, Comp. Stat. 1910.) The Attorney General argues that this section of the statute does not apply to the case at bar, for the reason that horse stealing is declared to be a felony, regardless of the value of the animal stolen, and for the further reason that at the time Section 6252, *supra,* was

adopted horse stealing was included in the statute defining larceny generally, and to be a felony the value must be twenty-five dollars or more, and if below that amount it would be a misdemeanor only; and that in that state of the law it was necessary for the jury to ascertain and return in their verdict the value of the property stolen in order to determine the grade or degree of the crime, and that it is necessary for the jury to do so only in those cases in which the value determines the degree of crime. He has cited a number of authorities to the effect that where the statute makes the stealing of a particular article or kind of property a felony without regard to its value, it is not necessary, in the absence of a statute requiring it, to allege or prove any particular value or for the jury to find and return the value in their verdict, and that a general verdict of guilty as charged in the indictment or information would support the judgment. In none of the states from which decisions have been cited by the Attorney General and numerous others which we have examined, and which so hold, do we find a statute like ours. So far as we have been able to discover, Ohio and Nebraska are the only states having such a statute, and in each of them the language is identical with that of the section above quoted. In Armstrong v. State, 21 O. St. 357, this section of the statute and the precise question involved in the present case was decided. It was there held that the statute was peremptory and applied to horse stealing, which was a felony, whatever the value of the animal stolen. The court said: "Horse stealing is larceny, and the language employed in the 167th section of the code (our section 6252, *supra*), is clearly broad enough to embrace that offense. It expressly includes in its provisions the offense of obtaining property by false pretenses, and the grade of punishment affixed to this offense by the statute, like that of horse stealing, does not depend upon the value of the property obtained. Since then the section applies expressly to one of these offenses, we cannot well hold that it has no application to the other, for there is

no reason for applying it in one case that is not equally strong in the other. The determination of the grade of punishment is not, then, the only reason for this provision of the code. Although the value of the property stolen in one case, or falsely obtained in the other, may not affect the grade or kind of penalty imposed for these offenses, it may influence the degree of punishment to be inflicted. The statute gives a wide discretion to be adjudged, on conviction. In this view, it may have been regarded as material to the substantial rights of the defendant, that the actual value of the property stolen, or falsely obtained, should be ascertained and returned in the verdict, and that it should not be left, as on a general verdict of guilty, according to respectable authority it might be, (Bish. Crim. Proc., Sec. 719,) to be implied to be the amount stated in the indictment. But whatever reasons may have induced the enactment of the section, its terms are such, we are constrained to hold, that the offense for which the defendant was tried, was embraced in its provisions. To hold the reverse would virtually be a judicial repeal of the section. The verdict was not, therefore, in accordance with the express requisition of the statute, and should have been set aside on the motion of the defendant made for that purpose. It follows that the judgment must be reversed, and the cause remanded for a new trial."

The Code of Criminal Procedure containing what is now Section 6252, Comp. Stat. 1910, was adopted by the First Territorial Legislature of Wyoming and was approved December 10, 1869. (Sec. 156, Ch. 74, Title 13, Laws 1869.) The Crimes Act passed by the same legislature and approved on the same day did not make the stealing of a horse of less value than twenty-five dollars a felony, but did make the obtaining of property, of whatever value, by false pretenses, a felony. (Sec. 139, Ch. 3, Title 10, Laws 1869.) So that what is said, in the above quotation, by the Supreme Court of Ohio applies with equal force to our statute and need not be repeated.

In Holmes v. State, 58 Neb. 297, 78 N. W. 641, (a case of larceny from the person) the court, after quoting at length from Armstrong v. State, *supra*, said: "We are entirely satisfied with the reasoning employed in the opinion from which we have just quoted, and think it states the correct rule. In McCoy v. State, 22 Neb. 418, (35 N. W. 202), the prisoner was tried on the charge, and declared guilty by general verdict, of the crime of larceny as bailee and no value of the property was stated in the verdict. In an opinion of this court it was said, after quoting Section 488 of the Criminal Code (same as our Sec. 6252): 'This provision of the Code, although clearly applicable to the case at bar, was wholly ignored. Its provisions are mandatory and cannot be evaded. The verdict, therefore, conferred no authority upon the trial court to enter a judgment or sentence by which plaintiff in error was convicted of felony.'" The judgment was reversed and the cause remanded. See also Fisher v. State, 52 Neb. 531, 72 N. W. 954; McCormick v. State, 42 Neb. 866, 61 N. W. 99. In the case at bar the information clearly charges an offense against the property of another by larceny, and in our. opinion comes within the provisions of Section 6252, *supra,* and that they are mandatory; and for that reason the judgment of the District Court will have to be reversed. Were it not for the express command of the statute we would not' feel inclined to do so; but whatever may have been the reasons which induced the Legislature to make the provision, it has done so, and we agree with the Ohio court, that "to hold the reverse would virtually be a judicial repeal of the section."

The giving of certain instructions to the jury and the refusal to give others requested by defendant are assigned as error. We have considered the instructions given and think they fairly presented the law of the case to the jury on the evidence, with the exception that the jury should have been instructed that, if they found the defendant guilty they should ascertain and declare in their verdict the value

of the property stolen. Other errors assigned are not likely to occur on another trial of the case and need not be considered.

For the reasons stated the judgment of the District Court is reversed and the case remanded for a new trial.

*Reversed.*

SCOTT, C. J., and POTTER, J., concur.