## MERRILL v. STATE.
### (No. 758.)

CRIMINAL LAW—LARCENY—LIVE STOCK—VERDICT.

1. A verdict convicting an accused of stealing neat cattle is insufficient, where it fails to find the value of the property stolen, although the stealing of neat cattle is made a felony regardless of value, a general statute requiring that when an indictment charges an offense against the property of another by larceny the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen.

[Decided December 8, 1913.]          (136 Pac. 795.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*Camplin & O'Marr,* for plaintiff in error.

The verdict was insufficient for failing to find the value of the property stolen. (Comp. Stat. 1910, Sec. 6252; Armstrong v. State, 21 O. St. 357; Holmes v. State, 58 Neb. 297, 78 N. W. 641; McCoy v. State, 22 Neb. 418, 35 N. W. 202; Fisher v. State, 52 Neb. 531, 72 N. W. 954; Bartley v. State, 53 Neb. 310; Holman v. State, 58 Neb. 297, 78 N. W. 641; Thomson v. State, (Wyo.) 130 Pac. 850). The court should have excluded the testimony of Andrew Kosine as irrelevant. Plaintiff in error was charged with stealing one head of neat cattle, the property of one Andrew Kosine. Kosine's testimony showed that he did not claim exclusive ownership of the animal stolen, but that he owned it jointly with another party. (8 Ency. Ev. 715; People v. Reed, 11 Pac. 676; State v. Oleson, 76 Pac. 686; People v. Cum-

mings, 49 Pac. 576; Sullivan v. People, 41 Pac. 840; Terr. v. Friday, 42 Pac. 61). The court should have directed a verdict at the close of the evidence for the prosecution because of the insufficiency of that evidence with reference to the ownership of the property stolen. A crime charged must be proved as laid. (Cases *supra;* State v. Rice, 63 Pac. 737; State v. Moxley, 110 Pac. 83; State v. Lee, 13 Pac. 223; State v. Sullivan, 24 Pac. 23; 22 Cyc. 452; People v. Wallace, 29 Pac. 950; Mead v. State, 26 O. St. 505; Clark's Cr. Proc. 338, 339). It was error to permit an amendment of the information during the trial so as to charge the stealing of property of "Stella Kosine" instead of "Andrew Kosine". An information can only be amended after plea as to matter of form. (Comp. Stat. 1910, Sec. 6130). Without the name of the owner of the property in the information there was nothing to describe or identify the property charged to have been stolen. Hence, the name of the owner was a very material allegation, and the amendment was one of substance. (24 Cyc. 437 (b); People v. Hughes, 41 Cal. 234; State v. Van Cleve, 32 Pac. 461; Conley v. State, 10 S. E. 123; State v. McCarthy, 22 Atl. 282; State v. Oleson, 76 Pac. 686; People v. Wallace, 29 Pac. 450; Clark's Cr. Proc. 317; People v. Moody, 69 Cal. 184; 10 Pac. 392; People v. Clement, 35 Pac. 1022; Conley v. State, (Ga.) 10 S. E. 123). After the amendment the trial was continued without requiring the information to be again verified, and without arraignment of the defendant thereon. This was error. (Comp. Stat. 1910, Sec. 6129; 2 Ency. Pl. & Pr. 761, 770; 12 Cyc. 344; State v. Hoffman, 70 Mo. App. 271; State v. DeWolfe, 74 Pac. 1084; 2 Stand. Proc. 865-877; 22 Cyc. 439; People v. Moody, *supra;* People v. Clement, *supra*). It is the duty of the court to refrain from any inquiry of a witness in the presence of the jury that would indicate his opinion as to the facts, the weight of the evidence, or the credibility of the witness. The mischief of such an inquiry by the court is much greater when the questions are propounded of an

accused in a criminal case, as in the case at bar; and the opinion of the court indicated in such manner is not cured by an instruction that the jury are the sole judges of the facts. (People v. Kindelberger, 34 Pac. 852). An exception is not necessary to present such error. (State v. Crotts, 60 Pac. 403). The evidence was insufficient to support the verdict.

D. A. Preston, Attorney General, for the State, filed a brief referring to the case of Thomson v. State, 130 Pac. 850, as to the sufficiency of a verdict failing to find the value of the property stolen; and conceding that that case was parallel with the present one respecting the objection to the verdict, the other errors assigned were not discussed.

BEARD, JUSTICE.

The plaintiff in error, Ote Merrill, was convicted, in the District Court of Sheridan County, of the crime of larceny and sentenced to a term in the penitentiary. From that judgment he brings the case here on error.

The information charged the defendant (plaintiff in error) with the larceny of one head of neat cattle, the property of one Stella Kosine. On the trial the jury returned a verdict as follows: "We, the jury, duly impanelled and sworn in the above entitled cause, do find the defendant, Ote Merrill, guilty as charged in the information." It is contended that the verdict was insufficient to support the judgment because the jury did not find and return in the verdict the value of the property stolen. Since this case was tried the case of Thomson v. State, 130 Pac. 850, was decided by this court, and the Attorney General in his brief concedes that the cases are parallel, as we find them to be. Following the decision in the Thomson case, the judgment in this case will have to be reversed and the cause remanded for a new trial; and it is so ordered.            Reversed.

SCOTT, C. J. concurs.

POTTER, J., did not sit.