Elvis D. HATHEWAY, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 5300.

Supreme Court of Wyoming.

Feb. 2, 1981.
Rehearing Denied Feb. 18, 1981.

Richard Scott Rideout, Vines, Rideout & Gusea, Cheyenne, signed the brief and appeared in oral argument on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and Sharon A. Lyman, Asst. Atty. Gen., signed the brief of appellee. Lyman appeared in oral argument.

Before ROSE, C. J.*, and McCLINTOCK, RAPER **, THOMAS and ROONEY, JJ.

* Chief Justice since January 5, 1981.

** Chief Justice at time of oral argument.

RAPER, Justice.

## PART I

Four issues are raised in this appeal from appellant's conviction for embezzlement. First, a challenge is made to the trial court's ruling, admitting evidence of other bad acts allegedly committed by the appellant. Second, appellant argues that the trial court erred in refusing to give his offered instruction concerning the effect of a mistake of fact which negates the requisite mens rea. Third, appellant contends that there was insufficient evidence to sustain the verdict of guilty. Finally, appellant claims that the jury verdict is inadequate to support the judgment and sentence because it does not contain a finding of the value of the property embezzled.

The opinion is divided into two parts because of a division on the court as to the disposition of the last issue. Justice Thomas will furnish Part II.

We will affirm.

The appellant and his wife were hired by Howard Davidson to manage a trailer park in Rawlins, Wyoming, on August 20, 1979. The job included collecting rental payments and depositing them in a particular bank account, as well as paying bills and basic bookkeeping. The conviction in this case was in connection with a transaction occurring on September 27, 1979, in which appellant participated. He was found by the jury to have misappropriated his employer's funds when, as partial payment for a trailer, he had his wife issue a receipt to the seller for rent due but never received. During the trial, evidence was also introduced showing that the appellant had swindled several other people while acting as manager of the trailer court. The jury's verdict failed to specify the value of the property embezzled.

Appellant contends that the trial court's decision to admit evidence of collateral misconduct was erroneous. He premises his attack upon Rules 403 [1] and 404(b),[2] W.R.E.

1. Rule 403, W.R.E.:

Under Rule 404(b) he argues that the prosecution failed to establish that this evidence was in any way probative of appellant's motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Under Rule 403, he asserts that whatever relevancy the evidence had was outweighed by its prejudicial effect.

■■■ As we have often said, deference is given to a trial judge's determinations upon the admissibility of evidence. As long as there is a legitimate basis for his conclusions, this court will not second-guess him on appeal. *Key v. State*, Wyo. 1980, 616 P.2d 774. The trial judge here may have legitimately concluded that the fact that the appellant had been using his position to swindle others indicated that he had not merely made a mistake in his bookkeeping, nor for that matter, that he misunderstood his duties and obligations under his employment contract. It should be noted that Rule 404(b) lists various purposes preceded by the words "such as." The stated purposes are not exclusive. It is established in this jurisdiction that other similar acts are not excludable where they tend to show a course of conduct. *State v. Lindsay*, 1957, 77 Wyo. 410, 317 P.2d 506; *State v. Grider*, 1955, 74 Wyo. 88, 284 P.2d 400. That is evident here. Further he may have determined that the relevancy of this evidence outweighed the danger of prejudice; we cannot conclude that such was improper. Therefore, we are constrained to uphold his decision.

■■■ Next appellant argues that the trial court's refusal to give the jury his proffered Instruction B is reversible error. The instruction read:

"An act committed or an omission made under a mistake of fact which nullifies the requisite intent as an element of the crime charged is a defense to that crime.

"Thus a person is not guilty of a crime if he commits an act or omits to act under an honest and reasonable belief in the existence of certain facts and circumstances which, if true, would make such act or omission lawful."

The court rejected the instruction because no evidence had been admitted concerning the appellant's beliefs as to the facts when he had the rent receipt issued. We do not find this to have been error. The law is that the trial judge need only instruct a jury of the law applicable to issues actually raised by the evidence. *Benson v. State*, Wyo. 1977, 571 P.2d 595. Here, the defense did not put on any evidence; no evidence of a mistake of fact was adduced during the trial. Thus, the jury was not properly presented with a question concerning a mistake of fact. Therefore, the proffered instruction would have only served to have confused the jury since it was not pertinent to the case.

■■■ Appellant's third challenge is to the sufficiency of the evidence supporting his conviction. In order for him to prevail on appeal, after reviewing all of the evidence in a light most favorable to the appellee and drawing any reasonable inferences therefrom, we must conclude that reasonable minds could not believe the defendant guilty beyond a reasonable doubt. *McCarty v. State*, Wyo. 1980, 616 P.2d 782, 786. In this case, we cannot reach such a conclusion. Evidence was introduced showing that money was owed Hatheway's employer; Hatheway had the debt cancelled as a payment on a trailer; and the employer never received any reimbursement. This misappropriation of funds comes within the definition of

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. Rule 404(b), W.R.E.:

"(b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in *conformity* therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

embezzlement found in § 6–7–310, W.S. 1977.[3] The appellant had a fair trial and the evidence supports the verdict.

THOMAS, Justice, with whom ROSE, C. J., and McCLINTOCK and ROONEY, JJ., join.

## PART II

Turning to the appellant's claim that the jury verdict is inadequate to support the judgment and sentence because it does not contain a finding of the value of the property embezzled, we conclude that Hatheway is entitled to present his claim of a violation of § 7–11–502, W.S.1977, even though this claim was not reached in the district court. Our consideration of this alleged error leads us to the conclusion that no violation of § 7–11–502, W.S.1977, occurred in this instance, and we all are in accord that Hatheway's conviction should be affirmed. As to this issue, *State v. Chambers*, 70 Wyo. 283, 249 P.2d 158 (1952) and those Wyoming cases which rely upon it are overruled.

The criteria adopted in *Hampton v. State*, Wyo., 558 P.2d 504 (1977) are satisfied in this instance. We are able to discern from the record, without any resort to speculation or equivocal inference, what occurred at the trial. For purposes of this claim of error, the record demonstrates that the jury did not find the value of the property embezzled. Until our consideration of this case and *Buckles v. State*, Wyo., 622 P.2d 934 (1981) there did exist in Wyoming a contrary rule of law which was clear and unequivocal and which was transgressed by the form of verdict returned by the jury. Under that rule of law a substantial right of Hatheway was adversely affected because of language found in *State v. Chambers*, supra, at 70 Wyo. 291, 249 P.2d 161, which was first espoused in *Thomson v. State*, 21 Wyo. 196, 130 P. 850 (1912), "that

the verdict conferred no authority upon the trial court to enter a judgment or sentence." Hatheway was entitled to rely in his appeal upon that concept, which approaches a statement that the trial court did act in excess of its jurisdiction in entering its judgment and sentence.

We now construe § 7–11–502, W.S.1977, to the end that its reach is limited to those instances in which the grade of the offense depends upon value, or those instances in which the permissible disposition includes authority to require restitution. The finding of value is not required for sentencing purposes. *Buckles v. State*, supra. In those instances in which the statute provides that restitution may be made a part of the court's sentence, the statute should be applied only to the end that any requirement of restitution should be set aside if the value is not found in the jury's verdict.

The statutory provision now found in § 7–11–502, W.S.1977, was adopted as a part of the Laws of Territory of Wyoming 1869, Ch. 74, Title XIII, Sec. 156. At the time that it was adopted the offense of larceny was graded into categories of felony and misdemeanor, depending upon value. Laws of Territory of Wyoming 1869, Ch. 3, Title V, Secs. 42, 43, and 44. The statute defining the offense of embezzlement provided that it should be punished like larceny. Laws of Territory of Wyoming 1869, Ch. 3, Title V, Sec. 50. The significance of that provision is that the offense of embezzlement then was graded into categories of felony and misdemeanor, depending upon value. The purpose for the requirement that value be found by the jury with respect to the crime of false pretenses is somewhat different. That statutory provi-

---

**3.** Section 6–7–310, W.S.1977:

"Every officer, agent, attorney, clerk, servant or employee of any person who, having access to, control or possession of any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or in any way whatever appropriate to his own use, or to the use of others, any money, coin,

bills, notes, credits, choses in action, or other property or article of value, belonging to or deposited with, or held by such person, in whose employment said officer, agent, attorney, clerk, servant or employee may be, shall be deemed guilty of embezzlement and shall be imprisoned in the penitentiary for not more than fourteen (14) years."

sion then, as now, provided for restitution, and, of course, the value needed to be established in order to adjudicate the amount of the restitution. Laws of Territory of Wyoming 1869, Ch. 3, Title X, Sec. 139.

Only Nebraska, Ohio and Wyoming have had such statutes. Ohio has modified its statute to the end that it applies only when the grade of the offense depends upon value. Section 2913.61, Baldwin's Ohio Revised Code Annotated. This modification occurred, however, after decisions which had so construed earlier forms of the statute. See, e. g., *Serra v. State*, 14 Ohio App. 252 (1921). Ohio both in its judicial branch and in its legislative branch has recanted the holdings in *Armstrong v. State*, 21 Ohio St. 357 (1871), upon which the precedents in Wyoming leading to *State v. Chambers*, supra, substantially were founded.

In Nebraska the statute effectively was limited to instances in which the grade of the offense depended upon value. *Griffith v. State*, 94 Neb. 55, 142 N.W. 790 (1913). The Supreme Court of Nebraska, in its opinion in this case, is critical of the rationale for earlier Nebraska and Ohio decisions. Again, it is noted that precedents from both states were relied upon by this court in the cases leading up to *State v. Chambers*, supra. Nebraska repealed its statute after *Griffith v. State*, supra, was decided. Laws of Nebraska 1963, Ch. 163. Subsequently, Nebraska reenacted this statute (Laws of Nebraska 1965, Ch. 146), but the reenactment necessarily encompassed the construction which the supreme court had given to the statute in *Griffith v. State*, supra, which was to the effect that the statute had no application to a later adopted larceny provision relating to cattle in which the grade of the offense did not depend upon value.

Following the lead of the courts in Ohio and Nebraska, we hold that § 7–11–502, W.S.1977, has no application to those offenses defined by statute subsequent to 1869 unless the grade of the offense depends upon value or unless the available punishment includes an order for restitution. *Buckles v. State*, supra. With respect to the latter aspect of the application of this statute, we predict that the failure to ascertain value would not void any conviction, but the order of restitution in the sentence could not be enforced. *State v. Frandsen*, 199 Neb. 546, 260 N.W.2d 206 (1977). In this instance the crime of embezzlement for which Hatheway was convicted was defined as separately punishable without any grade depending upon value in 1890. Laws of Wyoming 1890, Ch. 73, Sec. 53. Since it then became a different offense from the one in vogue when the predecessor of § 7–11–502, W.S.1977, came into the law, we hold that the statute is not applicable to this offense, and for that reason no error occurred with respect to the form of verdict returned by the jury. *Buckles v. State*, supra.

The views of the court in *State v. Chambers*, supra, depended upon authorities from other jurisdictions which, while apparently persuasive at that time, have become discredited. In relying upon the precedents of sister jurisdictions, the court was led into error, and there is no necessity for that error to be perpetuated simply because it is of long standing. Our decision does not constitute a repeal of the statute. It is nothing more than the correction of a construction, placed upon this statute by the court in earlier cases, which we now recognize to have been erroneous.

Affirmed.

RAPER, Justice, concurring specially as to Part II.

I concur only in the result reached by the majority in Part II of the court's opinion. The same general reasoning I used in my specially concurring opinion in *Buckles v. State*, Wyo. 1981, 622 P.2d 934 is applicable here and this specially concurring opinion may be in part repetitive in that regard. Here, though, I do agree that the question of the statutory requirement of the jury finding value of property is squarely before the court and that it must be decided.

Appellant seeks reversal of his conviction because of alleged inadequacies in the jury's

verdict. He cites § 7–11–502, W.S.1977, which provides:

"When the indictment charges an offense against the property of another by larceny, *embezzlement* or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained." (Emphasis added.)

He then notes the jury verdict:

"We, the Jury, duly empaneled and sworn to try the above entitled case, do find the Defendant, Elvis D. Hatheway, guilty of Embezzlement."

From this he argues that the jury's failure to find the value of the property embezzled is reversible error, citing *State v. Chambers*, 1952, 70 Wyo. 283, 249 P.2d 158.

I agree with counsel for the appellant that there was error in that this court has already decided the question in *Chambers*, and I see no good reason to upset the case. That decision was handed down over twenty-eight years ago, in October, 1952, and the legislature has not seen fit to amend § 10–1402, W.C.S. 1945, now § 7–11–502, W.S.1977, supra, and apparently has concluded that it has value. In *Chambers* this court reviewed the provision which had remained unchanged since its original enactment in 1869 as § 156, ch. 75, Title 13, Territorial Laws 1869. It concluded:

"* * * After all of these years it hardly behooves us to do what successive sessions of legislatures have failed to do, repeal Section 10–1402 [§ 7–11–502, W.S. 1977], by a judicial decree. It has stood all of these years without change. If we had the power of legislation, we might change this statute; but we do not possess that function. It is impossible for us to say that this statute is unreasonable. We can only consider legislation as it exists. Courts are not authorized to substitute their views for those of the legislature. One of the chief merits of this great American Republic is the division of powers, in both the state and national governments, into three grand departments, the executive, the legislative and the judicial. It is essential to the success of this form of government that the powers invested in any one of these departments shall not be permitted to encroach upon the powers of any one of the others. As stated by this court in *White v. Hinton*, 3 Wyo. 760, 30 P. 953, 'whether legislation is wise or unwise, politic or impolitic, is not a judicial question.' Again, ' * * * the courts will not conjure up theories to overturn and overthrow the solemn declarations of the legislative body.' State ex rel. Voiles v. High School*, 43 Wyo. 504, 5 P.2d 255; *State v. W. S. Buck Merc. Co.*, 38 Wyo. 47, 264 P. 1023, 57 A.L.R. 675; *Brown v. Clark*, 47 Wyo. 216, 34 P.2d 17." at 70 Wyo. 292, 249 P.2d 158. (Emphasis added.)

I continue to believe that is the law of the state. If we omit the word "embezzlement" from § 7–11–502, supra, we are amending the section. That goes beyond construction. Innumerable decisions relating to statutory construction militate against disregarding a word in a statute. If language of a statute is plain and unambiguous, there is no room for construction and the court may not look for and impose another meaning. *Hayes v. State*, Wyo. 1979, 599 P.2d 558 (for many other cases, see Key No. 190, Statutes, Wyoming Digest). A court may not rewrite a statute which it believes speaks clearly. *State ex rel. Albany County Weed and Pest District v. Board of County Commissioners of County of Albany*, Wyo. 1979, 592 P.2d 1154. Courts will not read into statutes exceptions not made by the legislature. *Lo Sasso v. Braun*, Wyo. 1963, 386 P.2d 630. In construing a statute effect must be given, if possible, to every word, clause and sentence. *Basin Electric Power Coop. v. State Board of Control*, Wyo. 1978, 578 P.2d 557. Courts will not usurp the power of the legislature by deciding what should have been said. *Barber v. State Highway Commission*, 1959, 80 Wyo. 340, 342 P.2d 723. This court just simply cannot amend statutes under the guise that it is construing a statute.

The State in *Chambers* had urged this court to follow the lead of Nebraska and

Ohio courts which had construed similar statutes and held there was no need to require a jury to find and declare value in its verdict where the degree of the crime does not depend on value. Justice Ilsley speaking for this court responded: "*Whatever the reasons given by the Ohio and Nebraska courts for the overruling of their previous decisions, we find no good reason for so doing as far as the law on the subject in Wyoming is concerned.*" (Emphasis added.) *This court did not then depend upon the law of any other jurisdiction but upon the important separation of powers concept that we will not interfere with the work of the legislature.* I also do not consider it pertinent what Ohio and Nebraska may have done either statutorily or by court opinion since that time. The touchstone of *Chambers* is that this court will not judicially amend, by deletion of a word, a legislative enactment. The majority discusses the history and points out that at one time value was an element in distinguishing between embezzlement as a misdemeanor and embezzlement as a felony. I have no argument with that fact. Value of property in distinguishing between a misdemeanor and a felony was omitted at the eleventh and last session of the territorial legislature of the State of Wyoming, § 53, ch. 73, 1890, convened in January and adopted as the law of the State of Wyoming at the first session of the Wyoming State Legislature, § 1, ch. 35, 1890, convened in November, 1890; but the legislature did not at that time nor at any time since omit the requirement of a finding in embezzlement cases of value by the jury, now in existence for ninety years.

At the time *Chambers* was decided, this court was not called upon to determine whether the doctrine of harmless or plain error applied as the State here asks. This was despite the existence of § 3–1705, W.C.S. 1945 which provided:

"The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Rule 49(a), W.R.Cr.P. provides that: "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." This rule is echoed in Rule 7.04, W.R.A.P. which is in identical language. This issue was never specifically considered in the early case of *Thomson v. State*, 1913, 21 Wyo. 196, 130 P. 850, though there existed § 4438, W.C.S. 1910, which provides exactly the same as § 3–1705, W.C.S. 1945, supra. Nor was it considered in *Merrill v. State*, 1913, 22 Wyo. 186, 136 P. 795; in spite of the fact that the same basic statutory provision was in effect until adoption of Wyoming Rules of Criminal Procedure.

Now presented with the issue of what effect the principles of harmless error and plain error have upon the subject, we can take away any confusion about legislative intent and avoid judicial amendment of a statute which I believe the majority does in Part II. By using the legislatively adopted doctrines of harmless and plain error we can avoid ignoring the clear legislative intent and amending the statute. The burden can easily be placed upon the parties to insure that the appropriate findings are made by the jury whenever they feel it to be important. This approach would permit a sensible flexibility and furnish a manner of disposition in this case in particular, without this court legislating.

I would have held that it was error to omit from the verdict form a provision for the jury to find the value of the property or the amount embezzled, but yet have required appellant to have objected at trial and to demonstrate on appeal prejudice resulted in order to justify reversal. A similar omission appeared in *Kennedy v. State*, Wyo. 1977, 559 P.2d 1014, 1017, where error was claimed on appeal that the court had failed to include in the verdict statutorily required language: " * * * each verdict shall also contain the words, 'and find that defendant was sane at the time of the commission of the offense.' * * * " Section 7–242(c), W.S.1957, repealed in 1975 because of a complete revision of the procedure in

the trial of cases wherein the defense of mental illness is raised. This court said:

> " * * * We are convinced that had this been called to the trial court's attention this would have been done. Error cannot be asserted for the first time on appeal, *Wright v. State*, Wyo., 466 P.2d 1014, 1016, and *Connor v. State*, Wyo., 537 P.2d 715, 717. * * * " 559 P.2d at 1018.

The court then went on to point out that there was no prejudicial error but it specifically did not judicially repeal the requirement.

The defense counsel in the case before us should have called the omission to the attention of the trial court in order to give the trial court an opportunity to correct the error. This is particularly true if the defendant-appellant thought it might have been of some value to his defense. The trial judge would probably then have made some provision for a finding of value in the verdict. Appellant's failure to raise the issue with the judge would seemingly indicate that it was not considered an important point at the time and is only raised now as a desperate attempt to win a new trial. If defense counsel noticed that value should have appeared and permitted error to exist, then I would wonder about brief case error, a trial tactic with which counsel must live. *Tryon v. State*, Wyo. 1977, 567 P.2d 290. A defendant must bear some responsibility for the manner in which a trial is conducted. Plain errors affecting substantial rights may be noticed although they were not brought to the attention of the court. Rule 49(b), W.R.Cr.P.; Rule 7.05, W.R.A.P. But they will not be acknowledged gratuitously, rather only in those rare circumstances where the rights lost by appellant were too blatant to assume the trial judge needed them brought to his attention. *Benson v. State*, Wyo. 1977, 571 P.2d 595. Thus here, I would have held that the clear language of the statute be kept intact and that the appellant be required to demonstrate that there was a transgression of a clear and unequivocal rule of law *and* that appellant was prejudiced by such a transgression in order to be entitled to a new trial. *Hampton v.*

*State*, Wyo. 1977, 558 P.2d 504, 507. No showing has been made that if the jury had been required to find a dollar amount there would have been a different outcome. I would only conclude that there was harmless error.

Restitution as mentioned in the majority opinion, Part II, is always a consideration in the sentencing process in an embezzlement case. It frequently is a condition of probation. A jury finding of the amount provides an aid to the trial judge in fixing the amount thereof and avoids his having to make that computation. The requirement of finding of value is not a useless gesture.

In conclusion then, I am unwilling to concede that the statute, § 7–11–502, is capable of being construed to delete the word "embezzlement." I continue to believe that the finding of value by the jury is an important factor in the sentencing process as I pointed out in my concurring opinion in *Buckles v. State*, supra, including restitution as a condition of probation. But before this court can even consider the question, the appellant should have objected to the omission in the absence of plain error.