**Jerry HARRIS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5490.**

Supreme Court of Wyoming.

Nov. 12, 1981.

---

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, and Paul H. Byrtus, Legal Intern, Wyoming Public Defender Program, Laramie, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., Cheyenne, and Duane M. Kline, III, Legal Intern, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROSE, Chief Justice.

Appellant Harris appeared pro se at his jury trial and on January 19, 1981 was convicted of obtaining property by false pretenses under § 6–3–106, W.S.1977. Mr. Harris takes this appeal from the judgment and sentence entered on the jury's verdict and raises the following issues for review:

1. Is the judgment and sentence of the trial court void for failure of the verdict to comply with § 7–11–502, W.S.1977?

2. Did the prosecutor's comments in closing argument amount to a denial of appellant's right to a fair trial?

We will reverse and remand for a new trial under appellant's first contention, thus making it unnecessary to address the issue having to do with prosecutorial comment.

## FACTS

The incident giving rise to appellant Harris' conviction occurred during the early morning hours of November 8, 1980. At approximately three a. m., Harris and a friend left a bar in Rawlins, whereupon they proceeded to the Jade Lodge for the purpose of phoning for a cab. Ms. Betty Pacheco was the night clerk, and she agreed to call a cab for them. Mr. Harris' friend left in the cab, but Mr. Harris remained because he and Ms. Pacheco had by then become involved in some intimate expressions of affection.

Mr. Harris soon fell asleep in one of the chairs in the office, and around five a. m. Ms. Pacheco shook him awake to request that he leave, since she expected the hotel manager to arrive around 5:30 a. m., and she did not want him to find Harris there. A cab was called and Mr. Harris asked Ms. Pacheco for some money for the cab, whereupon she gave him approximately $2.50 from her purse. The appellant then explained that he needed some change for a $100.00 bill. Ms. Pacheco withdrew the correct change from the register and the appellant thereupon placed what appeared to be a folded $100.00 bill in the cash drawer. The appellant then left in a cab that had been waiting outside. Thereafter, Ms. Pa-

checo discovered that the $100.00 bill was not genuine and that it was, in fact, an advertisement for a welding company located in Encampment, Wyoming. While the paper had the appearance of a $100.00 bill on one side, the other side contained nothing more than company advertising.

Mr. Harris was followed to his hotel by the manager of the Jade Lodge, who had driven up as Ms. Pacheco was discovering the fraud. When confronted, Harris said he knew nothing about it, at which juncture the police were called. The officers arrived at the hotel and arrested appellant, but a search of his room and person failed to produce the $100.00 which had purportedly been delivered by Ms. Pacheco. The money was never recovered.

### ERROR IN FAILURE TO DETERMINE VALUE OF PROPERTY UNDER § 7–11–502, W.S.1977

The appellant argues that his conviction for obtaining property by false pretenses should be reversed because the jury failed to ascertain and declare the value of the property alleged to have been obtained under false pretenses. Such a determination is required by § 7–11–502, W.S.1977, which provides:

> "When the indictment charges an offense against the property of another by larceny, embezzlement *or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property* stolen, embezzled or *falsely obtained.*" (Emphasis added.)

This court has construed the present § 7–11–502, W.S.1977, on several occasions. In fact, in two decisions handed down this year, *Buckles v. State*, Wyo., 622 P.2d 934 (1981) and *Hatheway v. State*, Wyo., 623 P.2d 741 (1981), we clarified and discussed at length the purpose and application of this section. A review of those decisions leads inevitably to the conclusion that in the case at bar § 7–11–502, W.S.1977, was

not complied with and that this failure amounted to prejudicial and, thus, reversible error.

In *Buckles* we upheld a conviction for grand larceny where the jury had determined in their verdict that the value of the property at issue was over $100.00. 622 P.2d at 935. There we held that the jury's value determination satisfied the requirements of § 7–11–502. We also noted that our past decisions construing this statute had overturned convictions because the juries had only declared that the defendants were guilty "as charged," and no determinations as to value had been made. 622 P.2d at 935–936. However, we rejected the reasoning of prior decisions that had held that a principal rationale for the value determination was to assist the trial judge in sentencing the defendant.[1] Instead, we decided that § 7–11–502 was intended to require:

> "* * * the determination and declaration in the verdict of value of the goods by the jury only in those cases in which the grade of the offense depended upon value * * *." 622 P.2d at 936.

Buckles finally noted the obvious need for a determination of value by the jury when the grade of the offense was dependent on it, and observed that the legislature had only intended the predecessor of § 7–11–502 to fill that need. 622 P.2d at 938.

The rule announced in *Buckles* was reaffirmed about one week later in *Hatheway v. State*, supra. In *Hatheway*, we upheld a conviction for embezzlement even though the jury in that case had not made a determination of value in their verdict. 623 P.2d at 744. The reason for our holding arose from the fact that the embezzlement statute, § 6–7–310, W.S.1977, which was enacted after the predecessor to § 7–11–502, did not grade the offense into degrees of embezzlement. Therefore, we held that § 7–11–502 was no longer applicable to the crime of embezzlement, and we overruled *State v. Chambers*, 70 Wyo. 283, 249 P.2d

---

1. Prior decisions indicating such a rationale are: *Thomson v. State*, 21 Wyo. 196, 130 P. 850 (1913); *Merrill v. State*, 22 Wyo. 186, 136 P.

795 (1913); and *State v. Le Masters*, 36 Wyo. 241, 254 P. 120 (1927).

158 (1952), which had earlier applied the statute in an embezzlement case. We did, however, refine the rule announced in *Buckles* by stating:

" * * * that § 7–11–502, W.S.1977, has no application to those offenses defined by statute subsequent to 1869 unless the grade of the offense depends upon value or unless the available punishment includes an order for restitution. *Buckles v. State*, supra." 623 P.2d at 745.

From these decisions, it is apparent that § 7–11–502 can only apply to appellant's case if the crime of false pretenses is graded by statute into particular degrees, or restitution is available as a punishment. As mentioned previously, the appellant was convicted of obtaining money by false pretenses pursuant to § 6–3–106, W.S.1977. That section provides:

"If any person or persons shall knowingly and designedly, by false pretense or pretenses, obtain from any other person or persons any choses in action, money, goods, wares, chattels, effects, or other valuable thing whatever, with intent to cheat or defraud any such person or persons of the same, every person so offending shall be deemed a cheat, and upon conviction, *where the value of such chose in action, money, goods, wares, chattels, effects or other valuable thing shall be twenty-five dollars ($25.00) or more, shall be imprisoned in the penitentiary for a period not more than ten (10) years. In all cases where the value of such chose in action, money, goods, wares, chattels, effects or other valuable thing is less than twenty-five dollars ($25.00), the person so offending shall be punished by a fine not to exceed one hundred dollars ($100.00), or by imprisonment in the county jail not more than six (6) months. In either case under this section he shall be sentenced to restore the property so fraudulently*

*obtained if it can be done."* (Emphasis added.)

It can be seen from a reading of this statute that the crime of false pretenses is graded into degrees by § 6–3–106, and also that restitution is available as a form of punishment. Our holdings in *Buckles* and *Hatheway* leave no room for any conclusion except that § 7–11–502 was intended to apply to the crime of false pretenses.[2] There can also be no other conclusion reached but that error was committed in this case, since it is clear from the record that the jury did not make a determination of value in their verdict.[3] Rather the verdict read:

"We, the Jury, duly empaneled and sworn to try the above-entitled case, do find the defendant, Jerry Harris, guilty of the offense of obtaining property by false pretenses *as charged."* (Emphasis added.)

We must give effect to the statutory language, and were we to hold that in this case no error occurred, we would be failing in that duty. *Hayes v. State*, Wyo., 599 P.2d 558, reh. denied (1979). We have held before that the language of the statute is mandatory, *State v. Chambers*, supra, and under the test established in *Buckles* and reiterated in *Hatheway*, it was error for the jury not to determine the value of the property appellant obtained through false pretenses.

### DOES PLAIN ERROR APPLY?

Although we have concluded that there was error below in the failure of the jury to determine value in their verdict pursuant to § 7–11–502, W.S.1977, the record shows that appellant did not object to this failure at trial. Thus in order for this court to consider appellant's contention, the complained-of error must fall within Rule 49(b), W.R.Cr.P. This rule provides:

---

**2.** We noted in *Hatheway* the necessary application of § 7–11–502 to the crime of false pretenses if not solely for the purpose of determining the amount of the restitution. 623 P.2d at 745.

**3.** There was some indication during argument of this case that the appellant had himself submitted a verdict form which did not require the jury to determine value. We, however, are unable to discern such a fact from the record and therefore can only reach a conclusion on such evidence as is, in fact, of record.

"(b) *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

 In *Hampton v. State*, Wyo., 558 P.2d 504 (1977), we established some guiding criteria when an appellant seeks review under the plain-error concept. These criteria are: (1) that the record reflects clear and unequivocably the facts complained of; (2) that the facts prove a transgression of a clear rule of law; and (3) that the error affects a substantial right of the accused. 558 P.2d at 507. Applying these criteria to appellant's claim, it is at first clear that the record reflects clearly and unequivocally that the jury in their verdict did not determine the value of the property obtained by false pretenses. Secondly, there can be no argument that § 7–11–502 and our recent decisions construing it set up a clear rule of law that was transgressed. This is so because, as we said earlier in this opinion, § 7–11–502 was applicable to this case and it was not complied with. Finally, we believe that a substantial right of the appellant has been affected. In *Hatheway* we referenced a prior decision of this court which stated that a failure to determine value in a verdict when the statute so required resulted in a failure of the verdict to confer the authority upon the trial court to enter a judgment and sentence. *Hatheway v. State,* supra, 623 P.2d at 744, citing *Thomson v. State,* 21 Wyo. 196, 130 P. 850 (1913). The jury's verdict must confer the authority upon the trial court to enter its judgment, and, when the verdict is faulty, the trial court lacks the jurisdiction necessary to enter a judgment and sentence. We find that an accused has a substantial right in only being convicted and incarcerated by a trial court having the power to do so as a result of a proper verdict. The appellant in this case was denied that substantial right as a result of the defective verdict.

The failure of the jury to determine value in their verdict violated § 7–11–502, W.S. 1977, and such error amounted to plain error affecting a substantial right of the accused.

Reversed and remanded for a new trial.

BROWN, Justice, dissenting, in which RAPER, Justice, joins.

In the form of the verdict submitted to the jury in this case, provision for the jury to find the value of the property falsely obtained was inadvertently omitted. The majority found that this omission violated the mandate in § 7–11–502, W.S.1977,[1] and was, therefore, error. I have no real disagreement with this determination in view of prior Wyoming cases. In my opinion, however, the error, if any, is not plain error, nor is it prejudicial. This error is at most harmless and should be disregarded.

Section 7–11–502, W.S.1977, has caused this Court considerable trouble in its 112-year history. The history of this provision of the statute is traced in *Hatheway v. State,* Wyo., 623 P.2d 741 (1981), reh. denied.

I understand the state of the law with respect to § 7–11–502, supra, to now be: such statute only applies to offenses enumerated in § 7–11–502, supra, in which the grade of the offense depends on value, (larceny and obtaining property under false pretenses), or those offenses in which the available punishment includes an order for restitution (obtaining property under false pretenses). *Buckles v. State,* Wyo., 622 P.2d 934 (1981); and *Hatheway v. State,* supra. In summary, § 7–11–502, supra, does not apply to embezzlement but applies to larceny, and is doubly applicable to obtaining property by false pretenses.

Section 7–11–502, supra, is an obscure provision of the law hidden in the criminal procedure section of our statutes. It is easily overlooked by lawyers and the courts because it has very little value except as a

---

1. Section 7–11–502, W.S.1977:

"When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pre-

tenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained."

fertile source for reversal. Section 7–11–502, supra, should be amended to have application only when restitution is part of the sentence.

Section 7–11–502, supra, is entirely unnecessary in determining the grade of the offense. Larceny and obtaining property under false pretenses are graded offenses. If the evidence at trial indicates any question as to the value of property stolen or obtained by false pretenses, and this dispute makes a difference whether the offense is a felony or a misdemeanor, the court then must give instructions on lesser included offenses. If there is no conflict in evidence on value, instructions on lesser included offenses are not required. Section 7–11–502, supra, only unnecessarily complicates a jury trial and creates yet another source for error.

I am inclined to agree with Justice Raper in his concurring opinions in *Buckles v. State*, supra, and *Hatheway v. State*, supra, when he observed that the rulings in those cases set out by the majority amended § 7–11–502, supra, despite protestations to the contrary. This Court in the past has distorted the plain language of § 7–11–502, supra, in order to avoid ridiculous results and avoid a miscarriage of justice. While I do not disagree with the results in these cases, I believe there is a sound, legal way to effect justice without judicially amending the statute and doing violence to statutory construction.

Both Rule 7.04, W.R.A.P. and Rule 49(a), W.R.Cr.P. provide:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

Conversely, Rule 7.05, W.R.A.P. and Rule 49(b), W.R.Cr.P. provide:

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

In *Kennedy v. State*, Wyo., 559 P.2d 1014, 1017 (1977), error was asserted on appeal because the court had failed to include in the verdict the statutorily required language as follows:

"'* * * Each verdict shall also contain the words, "and find that defendant was sane at the time of the commission of the offense" * * * *' (Section 7–242(c), W.S. 1957.)'"[2]

This Court said in *Kennedy v. State*, supra, at 1018:

"* * * We are convinced that had this been called to the trial court's attention this would have been done. Error cannot be asserted for the first time on appeal, *Wright v. State*, Wyo., 466 P.2d 1014, 1016, and *Connor v. State*, Wyo., 537 P.2d 715, 717. An examination of all the instructions given by the court reveals that the jurors were clearly advised several times in the instructions that if there was any reasonable doubt as to the sanity of the defendant Kennedy at the time of the alleged offenses it was their duty to find him not guilty by reason of such insanity. * * *

"We must consider the instructions as a whole, *Hoskins v. State*, Wyo., 552 P.2d 342, 348, and *Elmer v. State*, Wyo., 463 P.2d 14, 22, certiorari denied 400 U.S. 845, 91 S.Ct. 90, 27 L.Ed.2d 82, and must assume that the jury did its duty and followed the court's instruction, *Dobbins v. State*, Wyo., 483 P.2d 255, 259, and *State Highway Commission v. Peters*, Wyo., 416 P.2d 390, 396. In light of the clear presentation of this question to the jury by virtue of these instructions we find no difficulty in inferring, and find no other inference available but that the jury did find this defendant was sane as a condition of its verdict. In light of these facts no prejudicial error was present and the appellant Kennedy has failed in his burden to demonstrate such prejudice, *Cosco v. State*, Wyo., 503 P.2d 1403, 1406, certiorari denied 411 U.S. 971, 93 S.Ct. 2164, 36 L.Ed.2d 693.

"* * * This omission in the form of the verdict was not plain or fundamental er-

---

2. Repealed in 1975 in a complete revision of the procedure in the trial of cases wherein the defense of mental illness is raised. Ch. 191, S.L. of Wyoming, 1975.

ror as contemplated by Rule 49, W.R. Cr.P.; *Reeder v. State,* Wyo., 515 P.2d 969, 973, mandamus denied 419 U.S. 1018, 95 S.Ct. 509, 42 L.Ed.2d 303; *Hampton v. State,* Wyo., 558 P.2d 504."

The only difference I find in *Kennedy* and the case at bar is that the former dealt with an absence of a sanity finding in the verdict, and the latter dealt with an absence of a finding of value in the verdict. The rationale for the consequence of this omission in *Kennedy* is equally applicable in this case.

Applying the foregoing rules (7.04 and 7.05, W.R.A.P.; 49(a) and 49(b), W.R.Cr.P.) and the rationale in *Kennedy* to this case, the jury was advised in Instruction No. 3 [3] that appellant was charged with obtaining $100 by false pretenses. In Instruction No. 4 the Court sets out the elements of the offense charged. The fifth element in Instruction No. 4 was (obtain) "money, to-wit, cash in the amount of one hundred dollars ($100.00)."

Instruction No. 4 continues:

"If you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty."

In the verdict the jury found appellant "guilty of the offense of obtaining property by false pretenses, as charged." Appellant was charged with obtaining $100 by false pretenses. One of the elements of the offense was that the property obtained by false pretenses was $100. In the jury's finding of guilty as charged is the implicit finding that the money obtained was "cash in the amount of one hundred dollars ($100.00)." How can it be said then that the jury did not find the value of the property to be $100?

In *Hampton v. State,* Wyo., 558 P.2d 504 (1977) we established certain criteria that must be met by an appellant before the plain error rule can be invoked. The third criterion set out in *Hampton* is:

" * * * [T]he error or defect must adversely affect some substantial right of the accused * * *."

I disagree with the majority in its holding that "A substantial right of appellant has been affected." Does anyone suppose that had the form of the verdict provided for a specific finding of value any amount other than $100 would have been found? No other amount was ever talked about in the entire trial. Either appellant obtained property valued at $100 or he is not guilty.

There is just no other value that the jury could conceivably have found. If this case were a case of first impression with respect to the consequences of § 7–11–502, supra, I would find that the jury did, in fact, declare in their verdict the value of the property obtained by false pretenses and there was no error.

Considering the charge set out in Instruction No. 3, and the elements of the offense set out in Instruction No. 4, the only reasonable interpretation of the jury's finding is that they found the value of the property obtained to be $100. The spirit of § 7–11–502, supra, has been complied with. The jury determined everything that appellant had a right to be determined. The error, if any, is harmless.

Appellant has entirely failed to show how he was prejudiced by the form of the verdict, which is his burden to discharge.

" * * * It is appellant's burden on appeal to show affirmatively that error was committed, and to establish that the error

---

**3.** Instruction No. 3:

"The Information under which the defendant is charged reads in pertinent part as follows:
"Comes now Michael N. Deegan, Deputy County and Prosecuting Attorney of the County of Carbon and State of Wyoming, and in the name and by the authority of the State of Wyoming informs the Court and gives the Court to understand that Jerry Harris, late of the County aforesaid, on the 8th day of November, A.D. 1980, at the County of Carbon in the State of Wyoming, did knowingly and designedly, by false pretense, obtain from another person, the Jade Motel and its agent, Betty Pacheco, money, to wit, cash in the amount of $100.00, with intent to cheat or defraud such person and its agent, and is thus a cheat, all in violation of Wyoming Statutes, Section 6–3–106, 1977."

prejudiced the substantial rights of the accused. (*State v. Freeman*, 216 Kan. 653, 533 P.2d 1236.) Speculation as to the possibility of prejudice is insufficient to reverse a conviction." *State v. Ambler*, 220 Kan. 560, 552 P.2d 896, 900 (1976). See also *Kennedy v. State*, supra, at 1018.

I do not believe there is any merit in the second issue on appeal and would therefore affirm the district court on both issues raised by appellant.[4]

---

**4.** At the trial appellant purported to appear pro se; however, he was assisted by a public defender and the public defender did participate in the trial. I attach no significance to a pro se appearance, but it was mentioned by the majority. In any event, appellant is held to the same standard at trial and on appeal as any litigant represented by counsel. *Johnson v. Aetna Casualty and Surety Company of Hartford*, Wyo., 630 P.2d 514, 517 (1981), reh. denied.